AARON KOLBER, Plaintiff Below, Appellant, v. HOLYOKE SHARES, INC., a Delaware corporation, Defendant Below, Appellee.

(*September* 22,1965)

WOLCOTT, C.J., and CAREY and HERRMANN, JJ., sitting.

*Richard J. Abrams,* of Richards, Layton & Finger, for the plaintiff below, appellant.

*Richard F. Corroon,* of Berl, Potter & Anderson, and *Charles Oechler, Robert Ehrenbard* and *Richard J. Concannon,* of Kelley, Drye, Newhall, Maginnes & Warren, New York City, for the defendant below, appellee.

Supreme Court of the State of Delaware, No. 30, 1965.

HERRMANN, Justice:

This is an action for an agent's commission or "finder's fee" brought by the plaintiff Aaron Kolber, a resident of New York, against the defendant, Holyoke Shares, Inc., a Delaware corporation, in connection with the sale of the defendant's business. No similar action has been brought in any other jurisdiction. The defendant moved to dismiss the complaint on the ground of *forum non conveniens* and the Superior Court granted the motion. The ultimate question before us is whether the defendant made a sufficient showing to justify the dismissal.

Affidavits, filed by the defendant in support of its motion, show that all parties, all potential witnesses, and all events relating to the allegations of the complaint, are centered in the New York City area. The defendant concludes therefrom that none of the acts complained of, and none of the persons or places involved, bear any relationship to Delaware, except that the defendant is a Delaware corporation. It is also represented that the trial of the cause will involve a serious dispute as to the facts, requiring confrontation of witnesses before the trier of fact for the best test of credibility. The defendant's inability to compel attendance of New York residents as witnesses in Delaware, it is stated, will deprive the defendant of the benefit of such confrontation. Finally, it is stated that the New York Statute of Frauds governs the case, that the law on the point is unsettled, and that the open questions of New York law should be settled by the courts of New York.

Upon the basis of such showing, the Superior Court concluded that the defendant was entitled to dismissal of the action on the ground of *forum non conveniens,* relying upon *Winsor v. United Air Lines,* 2 Storey 161, 154 A. 2d 561 (1958) and *General Foods Corporation v. Cryo-Maid, Inc.,* Del., 198 A. 2d 681 (1941). We are unable to agree.

It is quite ordinary for Delaware courts to determine causes in which all persons involved are non-residents of Delaware and in which none of the events involved occurred here. These factors alone are not, in our opinion, sufficient to warrant interference with the

plaintiff's usual choice of forum.

What more has the defendant demonstrated? There is no showing that the case involves a prodigious number of witnesses or an unmanageable volume of documents and records; and the distance between New York City and Wilmington has not proven to be undue hardship in the many extensive litigations which have been carried on in this State involving parties, witnesses, and lawyers, resident in New York.

Concededly, the best test of the credibility of witnesses requires their appearance before the trier of fact. The advantages of "live testimony", as contrasted with depositions, are unquestionable; but litigants are constantly obliged to resort to depositions under our broad discovery procedures, even where the facts are in hot dispute; and we perceive no sufficient reason for making this case an exception on that ground.

This leaves the reason that unsettled New York law governs the case. This factor is not sufficient reason, in our opinion, for dismissal under the doctrine of *forum non conveniens,* either alone or in combination with the other factors mentioned. It is not unusual, of course, for Delaware courts to deal with open questions of the law of sister states or of foreign countries. Cf., *Anonymous v. Anonymous,* 7 Terry 458, 85 A. 2d 706, Aff'd. *DuPont v. DuPont,* 8 Terry 231, 90 A. 2d 468 (1952); *Bata v. Hill,* 37 Del. Ch. 96, 139 A. 2d 159, aff'd. 39 Del. Ch. 258, 163 A. 2d 493 (1960). It has occurred frequently in the past and, here again, we find no sufficient reason for making an exception in this case.

Our conclusions are not in conflict with the Winsor case, the General Foods case, or any other Delaware case which has come to our attention.

The Winsor case is clearly inapposite on its facts. That case

involved a commercial airline crash in Colorado, resulting in the death of many passengers. A large number of witnesses in the midwest were involved. Several death actions were brought in the United States District Court for the District of Colorado. The plaintiff in Winsor brought his action first in the United States District Court for the Eastern District of New York. That court transferred the cause to the District of Colorado for the convenience of parties and witnesses, declining to transfer it to the District of Delaware as requested by the plaintiff. See *Winsor v. United Air Lines, Inc.,* 153 F. Supp. 244. Nevertheless, the plaintiff proceeded to bring suit in Delaware, the State of incorporation of the defendant airline. The Superior Court dismissed the Delaware action on the ground of *forum non conveniens* and consigned the plaintiff to his pending transferred action in Colorado. These factual distinctions, we think require no enlargement.

Nor is the General Foods case determinative. That case involved a stay of the Delaware action in order to permit the defendant to go forward with a companion action then pending in Illinois. A dismissal of the Delaware action on the ground of *forum non conveniens* had been refused. Thus, an interlocutory order settling no substantial legal rights was there involved and this court, carefully recognizing the discretionary nature of such an order, found no abuse of discretion and upheld it.

In the case before us, however, the order of dismissal of the action is neither interlocutory nor discretionary, purporting as it does to settle finally all of the plaintiff's legal rights in this cause in this jurisdiction. Moreover, no other similar action is pending elsewhere.

We confirm the guide lines set forth in General Foods as to factors which may be considered in the application of the doctrine of *forum non conveniens.* The requisite showing with respect to such factors is far greater, however, for a dismissal than for a stay. The dismissal of an action on the basis of the doctrine, and the ultimate defeat of the plaintiff's choice of forum, may occur only in the rare case in which the combination and weight of the factors to be considered balance overwhelmingly in favor of the defendant. Compare

*Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). This is not such a case.

We have considered the other Delaware cases called to our attention involving the doctrine of *forum non conveniens.* In none, except Winsor, was the case finally dismissed on that ground; and, as Chief Justice Terry observed, Winsor was "an extreme case." *Chrysler Corporation v. Dann,* 3 Storey 430, 171 A. 2d 223 (1961). Cf., *Dietrich v. Texas National Petroleum Co.,* Del. Super., 193 A. 2d 579 (1963).

Accordingly, we conclude that the Superior Court erred in dismissing the action. The judgment below must be reversed.