ALBERT B. PARVIN, HARRY A. GOLDMAN, NORRIS J. GOLDMAN, L. M. HALPER, MAXWELL L. RUBIN, HARVEY L. SILBERT, E. PARRY THOMAS, EDWARD LEVINSON, EDWARD TORRES, BRYANT R. BURTON, and PARVIN/DOHRMANN COMPANY, Defendants Below, Appellants,

*vs.*

ALBERT KAUFMANN, Plaintiff Below, Appellee.

*Supreme Court, On Appeal, November 29, 1967.*

*James M. Tunnell, Jr.,* and *Richard L. Sutton,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants other than Parvin/Dohrmann Company.

*Richard F. Corroon,* of Potter, Anderson & Corroon, Wilmington, for Parvin/Dohrmann Company.

*Irving Morris,* of Cohen, Morris & Rosenthal, Wilmington, and *Donald N. Ruby,* of Wolf, Popper, Wolf & Jones, New York City, for plaintiff.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice: This is an appeal from the denial by the Court of Chancery of defendants' motion to dismiss on the ground of *forum non conveniens.* The action is a stockholder's derivative action brought on behalf of Parvin/Dohrmann Company, a Delaware corporation, with its principal place of business in California. The complaint charges self-dealing by the director-defendants in certain Nevada and California real estate transactions.

A motion to dismiss on the ground of *forum non conveniens* is addressed to the discretion of the trial court. It follows, therefore, that in an appeal from the denial of such a motion the function of this court is limited to a determination of whether or not that discretion has been abused. *Scott v. Kay, Del.,* 227 *A.2d* 572.

This plaintiff chose Delaware, the State of incorporation, as the forum in which to assert this derivative claim on behalf of the corporation. An action so commenced will ordinarily not be dismissed on the ground of *forum non conveniens* except in the rare case in which the combination of the factors to be considered tips the scales overwhelmingly in favor of the defendants. *Kolber v. Holyoke Shares, Inc., Del.,* 213 *A.2d* 444.

■ In *General Foods Corporation v. Cryo-Maid, Inc.,* 41 *Del. Ch.* 270, 198 *A.2d* 681, we set forth certain factors to be considered in ruling upon such questions. These factors were stated to be (1) whether Delaware law is applicable; (2) the relative ease of access to proof; (3) the availability of compulsory process for witnesses; (4) the possibility of the view of premises, and (5) all other practical considerations which would make the trial easy, expeditious and inexpensive. To this list we add one other, the pendency or nonpendency of a similar action or actions in another jurisdiction.

No other suit upon this cause of action is pending in any other jurisdiction, unlike the situation in the *General Foods* case and in *Winsor v. United Air Lines,* 2 *Storey* 161, 154 *A.2d* 561. Thus, a dismissal necessarily would force the plaintiff to start anew. The consequent delay and expense weigh heavily against the defendants under the balancing test of the *Kolber* case.

We observe that the fact that the action before us is a stockholder's derivative suit does not make the guidelines laid down in the *General Foods* case inapplicable. This is but one additional factor to be considered. Furthermore, it seems to us that it is important to bear in mind that this plaintiff's right to sue derivatively is conferred upon him by Delaware law. This right is an important one because, by the exercise of it, a stockholder seeks an interpretation under Delaware law of the legal rights between the corporation, its stockholders and its management. Thus it is that the plaintiff's choice of forum in such a case is not to be disregarded except for compelling reasons.

This plaintiff is a resident of New York and to force him to litigate in Nevada or California would be a hardship. Not only would he have increased expense due to the distance from his home, but he would also be forced to retain new counsel with consequent further expense and delay. Of prime importance, also, is the fact that both Nevada and California require the deposit of security from a stockholder suing derivatively. *Corporation Code of California,* §§ 830, 834; *Nevada Revised Statutes* 41.520. Delaware has no such requirement.

It also appears that jurisdiction over all of the individual defendants can be obtained in neither California nor Nevada, while it can be

obtained in Delaware. The fact that the individual defendants have offered to appear voluntarily in Nevada does not change the situation. *Dietrich v. Texas National Petroleum Co., Del. Super.,* 193 *A.2d* 579.

■ Finally, defendants have not shown with any particularity that hardship will be imposed upon them by the trial of this case in Delaware. The defendants have thus failed to sustain their burden of proof. An action may not be dismissed upon bare allegations of inconvenience without an adequate showing of particulars of the hardships relied upon. To do otherwise would put, in the language of Mr. Justice Reed in his dissent in *Koster v. Lumberman's Mutual Casualty Co.,* 330 *U.S.* 518, 67 *S.Ct.* 828, 91 *L.Ed.* 1067, "a powerful weapon into the hands of corporations alleged to have improperly conducted their affairs."

■ The *Koster* case is authority for the proposition that each *forum non conveniens* case is to be decided upon its particular facts. There are no hard and fast rules to be applied for an automatic decision. Consequently, in view of the foregoing, we think that the Vice Chancellor did not abuse his discretion in denying the *forum non conveniens* motion.

The judgment below is affirmed.