**CHRYSLER FIRST BUSINESS CREDIT CORPORATION and Chrysler Financial Corporation, Plaintiffs below, Appellants,**

v.

**1500 LOCUST LIMITED PARTNERSHIP, Defendant below, Appellee.**

**No. 276, 1994.**

Supreme Court of Delaware.

Submitted: June 20, 1995.
Decided: Sept. 18, 1995.

---

Lacy E. Holly, III, of Farr, Burke, Gambacorta & Wright, Wilmington, and John C. Berghoff, Jr. (argued), and Mark R. Ter Molen of Mayer, Brown & Platt, Chicago, IL, for appellants.

David J. Margules, of Klehr, Harrison, Harvey, Branzburg & Ellers, Wilmington, for appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ., constituting the Court *en Banc.*

BERGER, Justice:

In this appeal, we consider the extent of deference that should be accorded to a plaintiff's choice of forum when a defendant moves to dismiss the Delaware action in favor of a later-filed action in another jurisdiction. The Superior Court granted such a motion, on the ground of *forum non conveniens,* after determining that all of the factors identified in *General Foods Corp. v. Cryo–Maid, Inc.,* Del.Supr., 41 Del.Ch. 474, 198 A.2d 681 (1964) favored defendant-below, appellee, 1500 Locust Limited Partnership (the "Partnership"). We conclude that the Superior Court misconstrued *Cryo–Maid.*

■ A plaintiff's choice of forum should not be defeated except in the rare case where the defendant establishes, through the *Cryo–Maid* factors, overwhelming hardship and inconvenience. It is not enough that all of the *Cryo–Maid* factors may favor defendant. The trial court must consider the weight of those factors in the particular case and determine whether any or all of them truly cause both inconvenience and hardship. The Superior Court did not use this standard and the decision granting its motion to dismiss, therefore, must be reversed.

## I.  FACTS

In 1989 the Partnership purchased a commercial building located in Philadelphia, Pennsylvania, from appellant, Chrysler First Business Credit Corporation ("Chrysler First"). In order to induce the Partnership to purchase the property, Chrysler First entered into an indemnity agreement with the Partnership (the "Indemnity"), under which Chrysler First assumed responsibility for certain of the costs incurred in the removal of hazardous wastes from the property. Chrysler First's indemnity obligation is limited to $5 million and does not arise until the Partnership has suffered losses or incurred costs totaling $6 million in connection with any hazardous waste found on the property. Appellant, Chrysler Financial Corporation ("Chrysler Financial") *, is the guarantor of Chrysler First's obligations under the Indemnity.

The Partnership allegedly commenced an asbestos abatement program in August 1992, and incurred costs and expenses in excess of $6 million by the end of June 1993. The Partnership requested its first reimbursement from Chrysler by letter dated August 4, 1993. After similar additional requests were submitted in September and October, the total amount being claimed by the Partnership was approximately $1.6 million. Chrysler paid approximately $1.1 million of the amount demanded, under protest.

On November 18, 1993, Chrysler filed an action in the Court of Chancery seeking a declaratory judgment that the Partnership was not then entitled to any payments under the Indemnity and that the $1.1 million paid by Chrysler must be refunded. In addition, Chrysler sought an injunction restraining the Partnership from attempting to recover any payments under the Indemnity. At about the same time that the Delaware complaint was filed, but before the Partnership had been served, the parties scheduled a settlement meeting. That meeting took place on November 30, 1993, but was unsuccessful. As a result, Chrysler proceeded with its De-

laware action and had the Partnership served.

On January 13, 1994, the Partnership filed its own action in the Philadelphia County Court of Common Pleas seeking money damages and declaratory relief for Chrysler's alleged breach of its obligations under the Indemnity. The Partnership then moved to dismiss the Delaware action for lack of equity jurisdiction or, alternatively, to stay the action in favor of its later-filed Pennsylvania suit. The Court of Chancery concluded that it lacked jurisdiction and the Delaware action was transferred to the Superior Court, where the Partnership renewed its motion to dismiss or stay on the ground of *forum non conveniens*. The Superior Court granted the Partnership's motion and dismissed the Delaware action. This appeal followed.

## II.  FORUM NON CONVENIENS

■ Under the doctrine of *forum non conveniens*, if there is another similar action pending elsewhere, a court may decline to hear a case despite having jurisdiction over the subject matter and the parties. Where, as here, the Delaware action was the first filed case, the court must balance plaintiff's choice of forum against the burden that choice imposes upon defendant. "It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The *Gulf* court identified factors to be considered in deciding whether the doctrine should be applied. Those factors were adopted by this Court in *Cryo-Maid:*

Thus proper to be considered are the following matters: (1) The relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the

---

* Except where it is necessary to differentiate, appellants will be referred to collectively as "Chrys-

ler".

possibility of the view of the premises, if appropriate, and (4) all other practical problems that would make the trial of the case easy, expeditious and inexpensive. We add a further factor—whether or not the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction.

*General Foods Corp. v. Cryo–Maid, Inc.*, 198 A.2d at 684.

These basic principles have been reaffirmed and consistently applied over the past 30 years. In *Kolber v. Holyoke Shares, Inc.*, Supr., 59 Del. 66, 213 A.2d 444 (1965), for example, this Court determined that dismissal was inappropriate notwithstanding the fact that the events forming the basis of the complaint, all parties and all potential witnesses were located in New York City. Although none of the *Cryo–Maid* factors favored plaintiff's chosen forum, this Court held that *Kolber* was not "the rare case in which the combination and weight of the factors to be considered balance overwhelmingly in favor of the defendant." *Id.*, 213 A.2d at 447. *See also Parvin v. Kaufmann*, Supr., 43 Del.Ch. 461, 236 A.2d 425 (1967) (where this Court applied *Kolber* and noted that a defendant seeking dismissal on the ground of *forum non conveniens* must demonstrate hardship with particularity); *McWane Cast Iron P. Corp. v. McDowell–Wellman E. Co.*, Del.Supr., 263 A.2d 281, 283 (1970) (where this Court stated the general rule that "litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing. . . ."); *Williams Gas Supply Co. v. Apache Corp.*, Del.Supr., 594 A.2d 34, 37 (1991) (where this Court affirmed the Superior Court's application of a standard requiring defendant to "show inconvenience and hardship in such a way that the combination and weight of the [*Cryo–Maid* ] factors to be considered balanced overwhelmingly in its favor.").

Collectively, these holdings express the following principles: (i) only in a rare case should a plaintiff's choice of forum be defeated in favor of a later-filed action in another jurisdiction; (ii) in order to prevail on a *forum non conveniens* motion, a defendant must establish, with particularity, that it will be subjected to undue hardship and inconvenience if required to litigate in Delaware; (iii) the factors to be considered in evaluating a *forum non conveniens* motion are those identified in *Cryo–Maid;* and (iv) a defendant must establish that one or more of the *Cryo–Maid* factors actually causes such significant hardship and inconvenience.

No such showing was made in this case. As the Partnership acknowledges, the distance between Philadelphia, Pennsylvania and Wilmington, Delaware—less than 30 miles—presents no serious hardship or inconvenience in terms of ease of access to proof and other practical problems associated with trials. The Partnership identified only two potential "hardships." First, if the case is not resolved on summary judgment, the Partnership intends to ask the Court to conduct a view of the building, which is located in Philadelphia. Second, the Partnership faces the "hardship" of duplicative litigation and the risk of inconsistent adjudications. Neither of these purported hardships justifies dismissal.

It is unclear whether a view of the premises will be necessary given the fact that the parties' dispute centers upon their contractual obligations under the Indemnity. However, assuming that a view would be authorized in the Pennsylvania action, there is nothing to prevent the same result in the Delaware action. A jury easily could be taken from the Courthouse in Wilmington to view the premises in the morning and be back in Wilmington, ready to resume the trial, after the luncheon recess. The short trip to Philadelphia barely rises to the level of an inconvenience. Clearly it creates no hardship.

The second purported hardship is one of the Partnership's making. The parties face wasteful duplication of effort and risk inconsistent adjudications only because the

Partnership is pursuing its later-filed Pennsylvania action. If the Partnership were to dismiss its Pennsylvania action, this hardship would disappear. In *Williams Natural Gas Company v. BHP Petroleum Company, Inc.*, Del.Supr., [1990 WL 38329] No. 429, 1989, Holland, J. (ORDER), this Court expressly rejected the argument that a Delaware action should be stayed to avoid the undesirable result of having two "mirror-image" actions proceeding in two different jurisdictions. Instead, this Court entered an injunction in aid of the jurisdiction of the trial court, restraining the parties from proceeding with the later-filed action in the foreign jurisdiction. A similar approach here would resolve this issue.

In sum, this is not one of those rare cases where a plaintiff's choice of forum should be defeated. In dismissing this case, the Superior Court misapplied the *Cryo–Maid* factors. Those factors provide the framework for an analysis of hardship and inconvenience. They do not, of themselves, establish anything. Thus, it does not matter whether only one of the *Cryo–Maid* factors favors defendant or all of them do. The issue is whether any or all of the *Cryo–Maid* factors establish that defendant will suffer overwhelming hardship and inconvenience if forced to litigate in Delaware. Absent such a showing, plaintiff's choice of forum must be respected. The motion to dismiss on the ground of *forum non conveniens* must be denied.

The judgment of the Superior Court dismissing this action is hereby REVERSED.