# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| BRADLEY and CELESTE MOZEIK, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. N14C-11-099 PRW |
| | ) | |
| SERAMONE & SONS HOME IMPROVEMENTS, INC., a Delaware Corporation, JOE SERAMONE, JR., and TRUBUILT CONSTRUCTION CO., a Maryland Corporation, Defendants. | ) ) ) ) ) ) ) | |

Submitted: April 27, 2015
Decided: April 28, 2015

## MEMORANDUM OPINION AND ORDER

*Upon Defendant's, Trubuilt Construction Co., Motion to Dismiss
the Plaintiffs' Complaint,*
**DENIED.**

Victor F. Battaglia, Esquire, Biggs and Battaglia, Wilmington, Delaware, Attorney for Plaintiffs.

R. Karl Hill, Esquire, Seitz, Van Ogtrop & Green, P.A., Wilmington, Delaware, Attorney for Defendant.

**WALLACE, J.**

-1-

## I. INTRODUCTION

Before the Court is Defendant Trubuilt Construction Company's ("Trubuilt") motion to dismiss. Plaintiffs Bradley and Celeste Mozeik (together the "Mozeiks") live in Earleville, Maryland. The Mozeiks hired Seramone & Sons Home Improvement ("Seramone") to complete renovations on their home, and Seramone hired Trubuilt to complete some of the construction. The Mozeiks now allege that the work Seramone and Trubuilt completed on their home was substandard and not done in a workmanlike manner.[1] As the Mozeiks have selected an appropriate forum for their action, the Court **DENIES** Trubuilt's motion to dismiss.

## II. FACTUAL BACKGROUND

Mr. and Mrs. Mozeik hired Seramone, a company incorporated and based in Wilmington, Delaware, to complete renovations on their home in Earleville, Maryland in March 2014. Wilmington is approximately 35 miles from Plaintiffs' home in Cecil County, Maryland. These renovations included: a two-story addition containing two bathrooms (one newly constructed, the other an existing bathroom to be gutted and reconstructed); installation of heating, ventilation, and air-conditioning (HVAC); installation of a new roof on the addition; replacement

---

[1] *See* Compl. at ¶¶ 11-12.

of a cantilever deck; filling in a well; adding a closet to the living room; plumbing for a washer and dryer; and construction of a screened porch.[2]

Without consulting the Mozeiks, Seramone retained Trubuilt, a Maryland corporation headquartered in Rising Sun, Maryland, to complete parts of the renovation. The Mozeiks claim Trubuilt acted as an undisclosed agent of Seramone at all times. Trubuilt's headquarters in Maryland is approximately 39 miles from Wilmington.

Seramone assured the Mozeiks that at least one bathroom would be usable in June 2014. The Mozeiks claim that after almost ten weeks, there was little or no progress completed on the renovation.[3] In early July, the bathroom was not completed, and the Mozeiks denied Seramone additional time to complete the renovations.[4]

As a result of Seramone and Trubuilt's work, the Mozeiks claim they incurred at least six building violations from Cecil County's Department of Permits and Inspections.[5] They claim it cost approximately $100,000 to fix the Defendants' work.[6] The Mozeiks also allege Seramone and Trubuilt forged their

---

[2]     See id. at ¶ 5.

[3]     See id. at ¶ 11.

[4]     See id. at ¶ 10.

[5]     See id. at ¶ 11.

[6]     See id. at ¶ 14.

signatures on an application for a building permit, which is currently under investigation by the Maryland Home Improvement Commission, the Maryland Department of Labor Licensing and Regulation, and the Maryland Attorney General.[7] They have brought claims for Breach of Contract, Breach of the Implied Warranty of Good Quality and Worksmanship, and Negligent Construction against Seramone and Trubuilt.

## III.  STANDARD OF REVIEW

Unless a defendant can demonstrate a significant burden, a plaintiff's choice of forum "should rarely be disturbed."[8]  A motion to dismiss based on *forum non conveniens* is "addressed to the trial court's sound discretion."[9]  This Court's discretion is guided by the now-familiar *Cryo-Maid* factors:

> (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises; (4) whether the controversy is dependent upon the application of Delaware law which the courts of the State more properly should decide than those of another jurisdiction; (5) the pendency or non-pendency of a similar action or actions in another jurisdiction; and (6) all other practical problems that would make the trial of the case easy, expeditious, and inexpensive.[10]

---

[7]     *See id.* at ¶ 16.

[8]     *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. P'ship*, 669 A.2d 104, 107 (Del. 1995) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

[9]     *Martinez v. E.I. Dupont De Nemours & Co.,* 86 A.3d 1102, 1104 (Del. 2014).

[10]     *Id.* (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.,* 198 A.2d 681, 684 (Del. 1964); *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1198-99 (Del. 1997)).

No plaintiff's forum choice should be disturbed unless – in the "rare case"[11] – the complaining defendant can demonstrate through the *Cryo-Maid* factors "overwhelming hardship."[12] "It is not enough that all of the *Cryo-Maid* factors may favor the defendant."[13] The Court must balance the plaintiff's forum choice against the impact of that choice on the defendant to consider whether an action should be dismissed for overwhelming hardship and inconvenience.[14] A defendant must therefore meet a "high burden" – one that the Delaware Supreme Court has described as "stringent . . . [but] not preclusive" – in satisfying the overwhelming hardship standard.[15]

## IV. PARTIES' CONTENTIONS

Trubuilt argues that the Mozeiks' Complaint should be dismissed on the grounds of *forum non conveniens*.[16] Because the Mozeiks and Trubuilt are both

---

[11] *Martinez*, 86 A.3d at 1104 (quoting *Chrysler*, 669 A.2d at 105) (internal quotations omitted).

[12] *Id.* ("[T]o prevail under the *forum non conveniens* doctrine, a defendant must meet the high burden of showing that the traditional *forum non conveniens* factors weigh so heavily that the defendant will face overwhelming hardship if the lawsuit proceeds in Delaware.").

[13] *Chrysler*, 669 A.2d at 105.

[14] *See id.* at 107

[15] *Martinez*, 86 A.3d at 1104-06.

[16] *See* Def.'s Mot. to Dismiss at 1.

Maryland residents and the property is located in Maryland, Trubuilt says Maryland is the proper venue. Trubuilt suggests it would be easier to litigate in Maryland because witnesses, documents, and the property are there. Further, Trubuilt claims the action should be dismissed in Delaware because Maryland law will apply to the action and practical considerations weigh in favor of dismissal.

According to the Mozeiks, Delaware is a proper venue for their suit. And, they say, Trubuilt here has not demonstrated the required overwhelming hardship for dismissal.[17]

## V.    DISCUSSION

Considering the *Cryo-Maid* factors, the Court finds that Trubuilt has not demonstrated such overwhelming hardship to warrant dismissal on the grounds of *forum non conveniens*.

### A. The Relative Ease of Access to Proof

To demonstrate that it would be very difficult to produce evidence in Delaware, a defendant must show a prodigious number of witnesses or an unmanageable volume of documents and records.[18] Trubuilt believes because it would be "easier" to obtain proof in Maryland, the Complaint should be dismissed.

---

[17]    *See* Plfs.' Resp. to Def.'s Mot. to Dismiss ¶ 2.

[18]    *Reedy v. Moore*, 1986 WL 15423, at *2 (Del. Super. Ct. Dec. 11, 1986) (citing *Kolber v. Holyoke Shares, Inc.*, 213 A.2d 444, 446 (Del. 1965)).

-6-

But Trubuilt has not demonstrated it would need to shuttle numerous witnesses or unmanageable paperwork across state lines. Because Trubuilt has not particularized the hardship it claims it will face, this factor does not here provide much weight in favor of dismissal.[19]

## B. The Availability of Compulsory Process for Witnesses

Trubuilt claims that it will not be able to enforce subpoenas for testimony from members of the Maryland Home Improvement Commission, the Maryland Department of Labor, Licensing and Regulation, the Maryland Attorney General's office, and Cecil County's Department of Permits and Inspections. While live testimony is preferable, witnesses may also be deposed under Delaware's broad discovery procedures.[20] If a party were somehow unable to compel a witness's attendance, deposition testimony by video recording is available.[21] While it seems unlikely that the majority of either party's witnesses would be unable to make the 35-mile trip, if necessary, their depositions may be taken and used as evidence. This factor does not overwhelmingly demonstrate dismissal is warranted.

---

[19] *See United States Marine Lines v. Domingo*, 269 A.2d 223, 225 (Del. 1970) ("The defendant may not prevail on this ground because it failed to particularize sufficiently the hardship it claims in this connection.").

[20] *See Kolber*, 213 A.2d at 446 ("The advantages of 'live testimony', as contrasted with depositions, are unquestionable; but litigants are constantly obliged to resort to depositions under our broad discovery procedures, even where the facts are in hot dispute. . .").

[21] *Reedy*, 1986 WL 15423, at *2 ("Even though the amount of travel involved does not seem overwhelming, these witnesses could be deposed on videotape. . .").

## C. The Possibility of the View of the Premises

Trubuilt argues that taking a jury to view the Plaintiffs' property is cost-prohibitive. There is nothing presented here that suggests that the jury needs to travel to the Mozeiks' home to decide the case. Juries usually, in cases like this, consider photographs, videos, and other evidence instead of traveling to the situs of an alleged tort or contract dispute.[22] A live jury view of the premises, in fact, would be highly unusual. But even if the jury were required to visit the Plaintiffs' property, a distance of 35 miles is not far enough weigh in favor of dismissal.[23]

## D. Application of Delaware Law

Maryland law certainly applies in this case. But, the fact that Maryland law will apply "should not deter this Court from proceeding to decide the case on the merits," as courts in Delaware regularly consider the laws of other states.[24] As this

---

[22]     *See id.* at *2.

[23]     *See Chrysler*, 669 A.2d at 1007 (stating that taking jury between Philadelphia and Wilmington, less than 30 miles, "barely rises to the level of an inconvenience" and is thus not a hardship); *Kolber*, 213 A.2d at 446 (finding that distance between New York City and Wilmington, approximately 120 miles, was not an undue hardship).

[24]     *Weisberg v. Hensley*, 278 A.2d 334, 337-38 (Del. Ch. 1971) (denying motion to dismiss based on *forum non conveniens*). *See also Reedy*, 1986 WL 15423, at *1 (stating Delaware can interpret Maryland law).

case also does not appear to include unsettled areas of law,[25] this factor does not weigh heavily toward dismissal.

### E. Pendency of a Similar Action in Another Jurisdiction

Without citing any authority, Trubuilt argues that because Maryland agencies are investigating the Mozeiks' related regulatory, administrative or criminal complaints, those investigations should be considered similar actions. The Mozeiks counter that because the Maryland investigations are not capable of doing complete justice for the parties on the same issues, those investigations are of no moment here.[26] While the current pendency of another "action" is an important factor,[27] even the potential to actually file a similar suit in another jurisdiction does necessarily counsel towards dismissal.[28] As a dismissal here

---

[25] *See Martinez,* 86 A.3d at 1110 (upholding dismissal under *forum non conveniens* where "the plaintiff in the case is a citizen of a foreign state whose law is at issue . . . the injury in the case occurred in that foreign state, and the case turns on unsettled issues of foreign law").

[26] *See Cnty. of York Emps. Ret. Plan v. Merrill Lynch*, 2008 WL 4824053, at *2 (Del. Ch. Oct. 28, 2008) (quoting *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 284 (Del. 1970)) (stating court may stay an action "when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues").

[27] *See United States Marine Lines v. Domingo*, 269 A.2d 223, 226 (Del. 1970) ("The absence of such other pending action is an important, if not a controlling, consideration.").

[28] *See Reedy v. Moore*, 1986 WL 15423, at *2 (Del. Super. Ct. Dec. 11, 1986) ("As to factor five, pendency or nonpendency of a similar action in another jurisdiction, defendant Crabtree merely states that plaintiffs could easily file the case in Maryland. This is not overwhelming, so his burden as to factor five is not satisfied.").

would require the Mozeiks to start an entirely new case against Trubuilt in Maryland, the consequent delay and expense do not weigh in favor of dismissal.[29]

## F. Practical Considerations

Trubuilt lastly claims that because Maryland's public interest is implicated and Trubuilt is a small company with limited financial resources, this case would be better resolved in Maryland. Where appropriate, a court may "weigh the efficient administration of justice and analogous considerations," such as extraordinary and cumbersome expenses.[30] In this case, both Trubuilt and the Mozeiks are located about an hour's drive from Wilmington. Trubuilt will not incur cumbersome expenses litigating here. As Seramone is a Delaware corporation, and Trubuilt's liability may be predicated on Seramone's, Delaware's public interest is also implicated. Accordingly, the final factor does not weigh in favor of dismissal.

## VI. CONCLUSION

"[I]n deciding *forum non conveniens* motions to dismiss, Delaware trial judges must decide whether the defendants have shown that the *forum non conveniens* factors weigh so overwhelmingly in their favor that dismissal of the

---

[29]     *Parvin v. Kaufmann*, 236 A.2d 425, 427 (Del. 1967) ("[A] dismissal necessarily would force the plaintiff to start anew. The consequent delay and expense weigh heavily against the defendants. . .").

[30]     *Martinez,* 86 A.3d at 1113.

Delaware litigation is required to avoid undue hardship and inconvenience to them."[31]  Trubuilt has not.  In turn, Trubuilt has failed to show that this is one of the rare cases that warrants dismissal on *forum non conveniens* grounds.  Its Motion to Dismiss the Mozeiks' Complaint is therefore **DENIED**.

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary
cc:     All counsel via File & Serve

---

[31]     *Id.* at 1106.