# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JUDITH CONLEY, as the Natural )
Guardian of the Infant, JEFFREY )
CHATZ-CONLEY, )
)
    Plaintiffs, )
)
    v. )          C.A. No. N16-05-166 ALR
)
GLAXOSMITHKLINE, LLC )
)
    Defendant. )
)
)

-------------------------------------------

EMMA JETT, )
)
    Plaintiff, )
)
    v. )          C.A. No. N16-05-136 ALR
)
GLAXOSMITHKLINE, LLC )
)
    Defendant. )
)

-------------------------------------------

ANNA BERRY, as the Natural )
Guardian of the Infant, AUTUMN )
BERRY, )
)
    Plaintiffs, )
)
    v. )          C.A. No. N16C-05-165 ALR
)
GLAXOSMITHKLINE, LLC )
)
    Defendant. )

-------------------------------------------

ANGELA GASS-GILCHRIST, as )
the Natural Guardian of the Infant, )
ELLA GASS-GILCHRIST, )
　 )
　Plaintiffs, )
　 )
　　　　v. )　　　　　　C.A. No. N16C-05-168 ALR
　 )
GLAXOSMITHKLINE, LLC )
　 )
　Defendant. )
　 )
------------------------------------------------

## **<u>MEMORANDUM OPINION</u>**

Submitted: August 25, 2016
Decided: September 12, 2016

***Upon Defendant's Motions to Dismiss for* Forum Non Conveniens
DENIED**

James D. Heisman, Esq., Napoli Shkolnik LLC, Wilmington, Delaware, Mario D'Angelo, Esq., Bayport, New York, and Adam D. Peavy, Esq., Bailey Peavy Bailey, Houston, Texas, Attorneys for Plaintiffs.

Brian M. Rostocki, Esq. and Diana Rabeh, Esq., Reed Smith LLP, Wilmington, Delaware, Andrew T. Bayman, Esq., Halli D. Cohn, Esq. and Meredith B. Redwine, Esq., King & Spalding LLP, Atlanta, Georgia, and Susan V. Vargas, Esq., Los Angeles, California, Attorneys for Defendant.

GlaxoSmithKline LLC ("Defendant") has moved to dismiss each of four separate products liability actions filed by four non-Delaware residents on the basis of *forum non conveniens.* Each Plaintiff opposes Defendant's motion. The parties' submissions on this issue present identical arguments and decisional precedent. This is the Court's decision on Defendant's motions to dismiss these actions for *forum non conveniens*.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a global healthcare company that manufactures pharmaceuticals, vaccines, and consumer healthcare products. Defendant is a Delaware limited liability company. Defendant manufactured, distributed, and marketed the prescription drug Paxil, or paxotine hydrochloride, throughout the United States. Paxil is an antidepressant that is used to treat depression and anxiety disorders.

Plaintiffs[1] are four non-Delaware residents whose mothers were prescribed Paxil during their pregnancies. Plaintiffs are citizens of Oregon, South Carolina, and Utah. Plaintiffs allege that they have each been diagnosed with Autism Spectrum Disorder.

In May 2016, each Plaintiff filed a complaint against Defendant in this Court. Plaintiffs allege that Defendant's negligence and misrepresentations in the

---

[1] The parent and legal guardians of three of the four Plaintiffs have been appointed guardians *ad litem.* For ease of reference, the Court refers to the parties who have filed suit as "Plaintiffs."

1

manufacturing and marketing of Paxil directly and proximately caused Plaintiffs'

Autism Spectrum Disorder.

## LEGAL STANDARD

In order to prevail on a motion to dismiss for *forum non conveniens*, the moving defendant must demonstrate that it will face "overwhelming hardship" if litigation proceeds in Delaware.[2] Where, as here, alternative forums exist but Plaintiffs have not filed an action in another jurisdiction, this Court's analysis is guided by the framework originally set forth by the Delaware Supreme Court in *General Foods Corp. v. Cryo-Maid, Inc.*[3] The Court must assess (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises; (4) whether the controversy is dependent upon application of Delaware law; (5) the pendency or nonpendency of similar actions in another jurisdiction; and (6) all other practical problems that would make trial of the case easy, expeditious and inexpensive.[4] Plaintiffs' choice

---

[2] *Martinez v. E.I. DuPont de Nemours & Co., Inc.*, 86 A.3d 1102, 1104 (Del. 2014) (citing *Ison v. E.I. DuPont de Nemours & Co., Inc.*, 729 A.2d 832, 835 (Del. 1999)).

[3] *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 684 (Del. 1964), *overruled on other grounds by Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520 (Del. 1969)). Although the *Cryo-Maid* factors provide the framework for the Court's *forum non conveniens* analysis, they do not establish anything by themselves. *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. P'ship*, 669 A.2d 104, 108 (Del. 1995). The key inquiry is "whether the defendant can show through any of the factors that litigating in Delaware would 'actually cause[] . . . significant hardship and inconvenience.'" *Aveta, Inc. v. Colon*, 942 A.2d 603, 609 (Del. Ch. 2008) (citing *Chrysler First Bus. Credit Corp.*, 669 A.2d at 108).

[4] *Martinez*, 86 A.3d at 1104 (citing *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1198-99 (Del. 1997)).

of forum is entitled to respect unless Defendant demonstrates that litigating in Delaware is "inappropriate and inconsistent with the administration of justice."[5]

## DISCUSSION

Upon consideration of the *Cryo-Maid* factors,[6] the Court finds that Defendant has not made a particularized showing that the burden of litigating in Delaware will result in overwhelming hardship.

Defendant argues that the location of essential evidence and witnesses outside of Delaware weighs heavily in favor of dismissal. However, Delaware courts have attributed less significance to the "access to proof" factor under the *Cryo-Maid* analysis in the context of corporate and commercial disputes involving larger, more sophisticated entities.[7] Moreover, although all four cases involve specific evidentiary differences, the majority of Plaintiffs' general allegations regarding the central issue of causation are common. Therefore, the burden of accessing necessary fact witnesses and other evidence located outside of Delaware is attenuated,[8] and does not overwhelmingly favor Defendant.

---

[5] *Pipal Tech Ventures Private Ltd. v. MoEnange, Inc.*, 2015 WL 9257869, at *5 (Del. Ch. Dec. 17, 2015) (citing *Martinez*, 86 A.3d at 1112). *See also Martinez*, 86 A.3d at 1106.

[6] The third *Cryo-Maid* factor – the possibility of a view of the premises – is not at issue in the instant case.

[7] *See, e.g.*, *1 Oak Private Equity Venture Capital Ltd. v. Twitter, Inc.*, 2015 WL 7776758, at *8 (Del. Super. Nov. 20, 2015); *Hamilton Partners, L.P. v. Englard*, 11 A.3d 1180, 1213-14 (Del. Ch. 2010); *LeCroy Corp. v. Hallberg*, 2009 WL 3233149, at *8 (Del. Ch. Oct. 7, 2009).

[8] *See Chemtura Corp. v. Certain Underwriters at Lloyd's*, 2015 WL 5340475, at *5 (Del. Super. Aug. 26, 2015) (citing *In re Asbestos Litig.*, 929 A.2d 373, 384 (Del. Super. 2006)) ("Where

3

This Court disagrees with Defendant's contention that choice of law principles strongly favor dismissal on the basis of *forum non conveniens.* Although the parties recognize that Delaware law will likely not apply to these disputes, Defendant fails to demonstrate that this factor constitutes undue hardship. Delaware courts are regularly called upon to interpret and apply the laws of other jurisdictions, and have consistently held that "the need to apply another state's law will not be a substantial deterrent to conducting litigation in this state."[9]

The pendency of similar actions in other states does not suggest that Delaware litigation will cause overwhelming hardship or inconvenience to Defendant. In *Johnson v. Smithkline Beecham Corp. et al.,*[10] Defendant relied heavily on its Delaware citizenship in the context of federal diversity jurisdiction in its successful litigation of similar products liability claims.[11] The *Johnson* Court found that Defendant affirmatively assumed the "debts, liabilities and duties" of its predecessor under Delaware law upon converting from a Pennsylvania corporation to a Delaware LLC.[12] Defendant does not dispute that it is a Delaware citizen, subject to the laws and judicial process of this state. Furthermore, Defendant

---

litigants are entities with substantial resources, the burden created by witnesses and evidence located outside Delaware is 'substantially attenuated.'").

[9] *In re Asbestos Litig.*, 929 A.2d at 386 (quoting *Sequa Corp. v. Aetna Cas. & Sur. Co.*, 1990 WL 123006, at *4 (Del. Super. July 13, 1990)).

[10] 853 F. Supp. 2d 487 (E.D. Pa. 2012), *aff'd*, 724 F.3d 337 (3d Cir. 2013).

[11] *Johnson*, 724 F.3d at 360.

[12] *Id.* at 359. The purpose of the conversion was to obtain the tax benefits of LLC status and more easily facilitate formation of joint business entities. *Id.* at 341.

maintains corporate, administrative, and operational headquarters in Philadelphia, Pennsylvania, where it has resolved hundreds of cases through the Philadelphia Court of Common Pleas' Mass Torts Program. Accordingly, Defendant's assertion that litigating in nearby Wilmington, Delaware will result in an unfair and significant burden is unpersuasive.

Finally, practical concerns regarding the ease and expediency of litigation do not support a finding of undue hardship for Defendant. The Court has issued scheduling orders that endeavor to present these disputes to Delaware juries in the most efficient manner possible under the circumstances. Although Defendant argues that this Court should not assume the burden of these cases when Plaintiffs have available forums in their home states, it is not this Court's duty to select the best or most convenient forum available.[13] Rather, Plaintiffs' choice of forum must be respected unless Defendant presents unique circumstances that create the

---

[13] *Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 999 (Del. 2004) (quoting *Mar-Land Indus. Contractors, Inc. v. Caribbean Petroleum Refining, L.P.*, 777 A.2d 774, 779 (Del. 2001)) ("[W]hether an alternative forum would be more convenient for the litigation, or perhaps a better location, is irrelevant . . . the trial court is not permitted to compare Delaware, the plaintiff's chosen forum, with an alternate forum and decide which is the more appropriate location for the dispute to proceed.") (internal quotation marks omitted); *Pipal Tech Ventures Private Ltd.*, 2015 WL 9257869, at *10 ("My job in evaluating this motion is not to choose the 'best,' or even a 'proper' forum; instead, it is to respect the Plaintiff's choice of forum unless the Defendant can show resulting hardship or inconvenience so profound that it overwhelms that choice."); *1 Oak Private Equity Venture Capital Ltd.*, 2015 WL 7776758, at *8 (citing *VTB Bank v. Navitron Projects Corp.*, 2014 WL 1691250, at *8 (Del. Super. Apr. 28, 2014)) ("The analysis is not one in which the Court should come to a conclusion based on a tally of which, or how many, factors favor the defendant; rather, the Court must consider the weight of those factors in the particular case and determine whether any or all of them truly cause both inconvenience and hardship.").

overwhelming hardship required for a *forum non conveniens* dismissal under Delaware law.[14] No unique circumstances are presented here.

## CONCLUSION

The *forum non conveniens* standard is stringent, but not preclusive.[15] This Court finds that the application of the *Cryo-Maid* factors does not favor dismissal. Defendant does not meet the "appropriately high burden"[16] required to deprive Plaintiffs of their chosen forum. Accordingly, Defendant's motions to dismiss for *forum non conveniens* must be denied.


**NOW, THEREFORE, this 12th day of September, 2016, Defendant's Motions to Dismiss for *Forum Non Conveniens* are hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[14] *Martinez*, 86 A.3d at 1106.
[15] *Id.* at 1105 (citing *Ison*, 729 A.2d at 843).
[16] *Martinez*, 86 A.3d at 1105.

6