# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINCOLN BENEFIT LIFE COMPANY )
)
Plaintiff, )
)
v. ) C.A. No. N17C-08-301 ALR
)
WILMINGTON TRUST, N.A., AS )
SECURITIES INTERMEDIARY, )
)
Defendant. )

Submitted: January 19, 2018
Decided: April 5, 2018

***Upon Defendant's Motion to Dismiss***
**DENIED**

## MEMORANDUM OPINION

Joseph C. Schoell, Esq., Drinker Biddle & Reath LLP, Wilmington, Delaware, Jason P. Gosselin, Esq., Katherine L. Villaneuva, Esq., Christopher F. Petrillo, Esq., Drinker Biddle & Reath LLP, Philadelphia, Pennsylvania, Attorneys for Plaintiff.

Steven L. Caponi, Esq. K&L Gates LLP, Wilmington, DE, Attorney for Defendant.

**Rocanelli, J.**

Before the Court is a motion to dismiss filed by Defendant Wilmington Trust, N.A. as Securities Intermediary ("Defendant"). Defendant moves to dismiss this declaratory judgment action filed by Plaintiff Lincoln Benefit Life Company ("Plaintiff) on the basis of *forum non conveniens*. Plaintiff opposes Defendant's motion. This is the Court's decision on Defendant's motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a life insurance company incorporated in Nebraska and having its principal place of business in Nebraska. Defendant is a national banking association having its principal place of business in Delaware. On October 4, 2017, Plaintiff issued a $17.7 million life insurance policy ("Policy") on the life of Adele Frankel to the Adele Frankel Irrevocable Life Trust, located in Mississippi. The Policy subsequently changed ownership multiple times. Defendant became the owner and beneficiary of the policy in November 2013.

Frankel allegedly died on August 20, 2016 in Neptune, New Jersey. According to Plaintiff, it received a request for Policy proceeds from Defendant on July 20, 2017. However, Plaintiff claims that while reviewing the claim it was unable to officially confirm Frankel's death, and it otherwise became concerned that the Policy was fraudulently procured.

On August 23, 2017, Plaintiff filed a declaratory judgment action against Defendant in this Court seeking a declaration that the Policy is void *ab initio* under

1

Mississippi law ("Delaware Action"). In the Delaware Action, Plaintiff alleges that the Policy was part of a stranger originated life insurance ("STOLI") scheme, and that STOLI policies are contrary to Mississippi law.

In response to the Delaware Action, Defendant filed a complaint against Plaintiff in a federal district court in Mississippi ("Mississippi Action") on September 22, 2017. In the Mississippi Action, Defendant alleges breach of contract, bad faith, and fraud in connection with Plaintiff's refusal to honor the terms of the Policy.

Defendant then filed this motion to dismiss on October 20, 2017, contending that the Delaware Action should be dismissed in favor of the Mississippi Action. Defendant argues that dismissal on the grounds of *forum non conveniens* is appropriate because this action raises an issue of first impression of Mississippi law and, therefore, should be decided by a Mississippi court. This is the Court's decision on Defendant's motion to dismiss.

## LEGAL STANDARD

A motion to dismiss for *forum non conveniens* is addressed to the sound discretion of the trial court.[1] In order to prevail on a motion to dismiss for *forum non conveniens*, the moving defendant must demonstrate that it will face

---

[1] *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1104 (Del. 2014).

2

"overwhelming hardship" if litigation proceeds in Delaware.[2] Upon a motion to dismiss for *forum non conveniens*, this Court's analysis is guided by the framework originally set forth by the Delaware Supreme Court in *General Foods Corp. v. Cryo-Maid, Inc.*[3] The Court must assess (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises; (4) whether the controversy is dependent upon application of Delaware law; (5) the pendency or nonpendency of similar actions in another jurisdiction; and (6) all other practical problems that would make trial of the case easy, expeditious and inexpensive.[4] Plaintiffs' choice of forum is entitled to respect unless Defendant demonstrates that litigating in Delaware is "inappropriate and inconsistent with the administration of justice."[5]

## DISCUSSION

Defendant argues that the Delaware Supreme Court's decision in *Martinez* changed the legal standard that trial courts should apply when assessing a motion to dismiss for *forum non conveniens*. According to Defendant, Martinez gives

---

[2] *Id.* (citing *Ison v. E.I. DuPont de Nemours & Co., Inc.*, 729 A.2d 832, 835 (Del. 1999)).

[3] *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 684 (Del. 1964), *overruled on other grounds by Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520 (Del. 1969)).

[4] *Martinez*, 86 A.3d at 1104 (citing *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1198-99 (Del. 1997)).

[5] *Pipal Tech Ventures Private Ltd. v. MoEnange, Inc.*, 2015 WL 9257869, at *5 (Del. Ch. Dec. 17, 2015) (citing *Martinez*, 86 A.3d at 1112).

3

dispositive weight to the fourth *Cyro-Maid* factor, such that trial courts should dismiss when a case involves an uncertain question of law from another jurisdiction. To that end, Defendant argues that the interest of a Mississippi court in resolving an issue of first impression of Mississippi law is dispositive in this case. However, this Court finds that Defendant misinterprets *Martinez's* discussion of the fourth *Cyro-Maid* factor, and that *Martinez* is otherwise inapposite to the present case. Further, this Court finds that the remaining *Cyro-Maid* factors do not warrant dismissal.

**A.  The Court Rejects Defendant's Argument that *Martinez* Placed Dispositive Weight on the Fourth *Cyro-Maid* Factor.**

*Martinez* was one of approximately thirty-two cases filed by Argentine nationals against a Delaware company alleging exposure to asbestos while working in textile plants in Argentina.[6] This Court dismissed the case on several grounds, including *forum non conveniens*. The Delaware Supreme Court affirmed, finding that "the unique circumstances presented by this foreign asbestos case created the 'overwhelming hardship' required for a *forum non conveniens* dismissal under Delaware law."[7] Specifically, the Supreme Court found that the Superior Court could permissibly exercise its discretion to dismiss given the fact that the case

---

[6] *Martinez*, 86 A.3d at 1103.
[7] *Id.* at 1106 (referring to the legal standard set forth in *Cyro-Maid*).

4

involved "complex and unsettled issues of Argentine tort law," and because the "governing law [was] set forth in Spanish, not English."[8]

In so ruling, the Supreme Court sought to clarify the fourth *Cyro-Maid* factor, which is whether the controversy is dependent on Delaware law.[9] The Supreme Court stated that if "important and novel issues of Delaware law are best decided by Delaware courts, then it logically follows that our courts must acknowledge that important and novel issues of other sovereigns are best determined by their courts where practicable."[10] To that end, the Supreme Court found that "some prior decisions gave inadequate weight to the discretionary power of the trial courts to recognize the *Cyro-Maid* factor implicated here – the importance of the right of all parties (not only plaintiffs) to have important, uncertain questions of law decided the courts whose law is at stake."[11]

Defendant relies on this discussion from *Martinez* to argue that this Court must dismiss in favor of the Mississippi Action because this case involves a novel question of Mississippi law. However, contrary to Defendant's assertions, the Supreme Court in *Martinez* did not give dispositive weight to the fourth *Cyro-Maid* factor such that the trial court *must* dismiss whenever a case presents an issue of first

---

[8] *Id.* at 1108, 1106.
[9] *Id.* at 1109-10.
[10] *Id.* (internal citation omitted).
[11] *Id.* at 1111.

impression from another jurisdiction. Rather, the Supreme Court merely clarified that a trial court may permissibly emphasize that factor when exercising its discretion to dismiss.[12] In this sense, the fact that the case involves an issue of first impression for another jurisdiction is still just one of the factors for the trial court to consider when analyzing if dismissal is appropriate in a particular case.

Here, the fact that this case may present a novel question of Mississippi law does not warrant dismissal.[13] This case is markedly different from *Martinez*, which involved a complex issue of first impression for a foreign *country*. *Martinez* was further complicated by the fact that the applicable law was in another language, which would present significant difficulties for the court and the parties. Such difficulties are not present in this case, as there are no language barriers and the applicable law is that of another state, not another country. Moreover, Delaware

---

[12] *Id.* at 1106-07 (noting that the Superior Court acted within its discretion when it placed weight on the novelty of foreign legal issues in its analysis).

[13] The Court notes that the parties disagree on whether this case actually presents an issue of first impression under Mississippi law. Defendant argues that the novel question presented is whether a life insurance policy that meets the requirements of Mississippi's insurable interest statute is nevertheless void *ab initio* if, at the time the contract is made, the intent is to transfer the policy to someone who lacks an insurable interest in the life of the insured. Plaintiff responds that Mississippi law is actually well-developed and clear on the question presented in this case. The Court finds that it is not necessary at this point to resolve this issue, because *Martinez* does not require dismissal in such circumstances, and because *Martinez* is otherwise inapposite to this case.

courts are regularly asked to interpret and apply the law of other jurisdictions.[14]

Therefore, Defendant has not demonstrated that the fact that the case may present a novel question of Mississippi law will cause it to suffer overwhelming hardship.

Further, even if the Court were to accept Defendant's position, Defendant filed the Mississippi Action in federal court, not state court. While the United States District Court for the Northern District of Mississippi may be physically located in Mississippi, it does not actually have an interest in interpreting Mississippi state law.[15] As a result, the Court rejects Defendant's argument that the fourth *Cyro-Maid* factor warrants dismissal in this case.

## B. The Remaining *Cyro-Maid* Factors Do Not Warrant Dismissal.

The Court finds that the remaining *Cyro-Maid* factors do not warrant dismissal in this case.[16] First, with respect to the ease of access to proof, Defendant argues that there is no evidence in Delaware, and that evidence exists primarily in Mississippi, Florida, New York, and Nebraska. However, Defendant has not established that the existence of evidence in other states would result in

---

[14] *See Taylor*, 689 A.2d at 1200; *Conley v. GlaxoSmithKline, LLC*, 2016 WL 4764932, at *2 (Del. Super. Sep. 12, 2016); *Barrera v. Monsanto Company*, 2016 WL 4938876, at *7 (Del. Super. Sep. 13, 2016).

[15] *See PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059 (Del. 2011) (answering certified questions from the Delaware District Court on insurance issues and illustrating that a federal court has no authority to interpret the state law of the state in which it physically sits).

[16] The parties agree that the factor addressing the ability to view the premises is not applicable to this case, so the Court will not consider that factor in its analysis.

overwhelming hardship. Delaware courts have attributed less significance to the "access to proof" factor in the context of corporate and commercial disputes involving larger, more sophisticated entities.[17] In addition, the Court notes that it should not be difficult given modern technology to obtain evidence from other states electronically.[18] Similarly, "modern methods of transportation lessen the Court's concern about the travel of witnesses" who live and work outside of Delaware.[19] Moreover, Defendant concedes that out-of-state discovery will be necessary regardless of the forum. Thus, the ease of access factor does not weigh in favor of dismissal.

Second, with respect to the availability of a compulsory process for witnesses, Defendant reiterates that this case involves out-of-state witnesses, and asserts that Delaware cannot compel such witnesses to appear. However, Defendant did not cite with particularity specific witnesses who will be less inclined to cooperate in this

---

[17] *See, e.g.*, *1 Oak Private Equity Venture Capital Ltd. v. Twitter, Inc.*, 2015 WL 7776758, at *8 (Del. Super. Nov. 20, 2015); *Hamilton Partners, L.P. v. Englard*, 11 A.3d 1180, 1213-14 (Del. Ch. 2010); *LeCroy Corp. v. Hallberg*, 2009 WL 3233149, at *8 (Del. Ch. Oct. 7, 2009); *see also Chemtura Corp. v. Certain Underwriters at Lloyd's*, 2015 WL 5340475, at *5 (Del. Super. Aug. 26, 2015) (citing *In re Asbestos Litig.*, 929 A.2d 373, 384 (Del. Super. 2006)) ("Where litigants are entities with substantial resources, the burden created by witnesses and evidence located outside Delaware is 'substantially attenuated.'").

[18] *See Barrera*, 2016 WL 4938876 at *6 (citing *Rapoport v. Litig. Trust of MDIP, Inc.*, 2005 WL 5755438, at *5) (Del. Ch. Nov. 23, 2005).

[19] *Rapoport*, 2005 WL 5755438, at *5.

forum in either case.[20] Therefore, Defendant has not met its burden of demonstrating that the lack of compulsory process for out-of-state witnesses will cause it overwhelming hardship, and therefore, this factor does not weigh in favor of dismissal.

Third, with respect to the pendency of similar actions, Defendant argues that the Delaware Action should be dismissed in favor of Mississippi Action. However, the Delaware Action was filed before the Mississippi Action. The Delaware Supreme Court has held that "only in a rare case should a plaintiff's choice of forum be defeated in favor of a later-filed action in another jurisdiction."[21] Defendant argues that Plaintiff would be able to assert its claims in the Mississippi action, but this practical argument does not demonstrate that this case is one of those rare cases that would warrant disrupting Plaintiff's choice of forum in favor of Defendant's own later-filed action. Therefore, this factor does not weigh in favor of dismissal.

Lastly, the Court may, but is not required to, address the public interest by "weigh[ing] the efficient administration of justice and analogous considerations."[22] Defendant argues that Delaware has no interest in serving as the forum for this litigation given that the only connection to Delaware is that Defendant has its

---

[20] *See e.g., Lee ex rel. Lee v. Choice Hotels Intern. Inc.*, 2006 WL 1148755, at *5 (Del Super. Mar. 21, 2006); *Barrera*, 2016 WL 4938876, at *6.

[21] *Chrysler First Business Credit Corp. v. 1500 Locust Ltd. Partnership*, 669 A.2d 104, 107 (Del. 1995).

[22] *Martinez*, 86 A.3d at 1112-13.

principal place of business here. However, Delaware has an interest in regulating the conduct of entities organized under its laws.[23] In addition, it is not this Court's duty to select the best or most convenient forum available.[24] Rather, Plaintiffs' choice of forum must be respected unless Defendant presents unique circumstances that create the overwhelming hardship required for a *forum non conveniens* dismissal under Delaware law.[25] No unique circumstances are presented in this case.

## CONCLUSION

The *forum non conveniens* standard is stringent, but not preclusive.[26] This Court finds that the application of the *Cyro-Maid* factors does not favor dismissal in this case. Defendant did not meet the "appropriately high burden"[27] required to deprive Plaintiff of its chosen forum. Therefore, Defendant's motion to dismiss for *forum non conveniens* must be denied.

---

[23] *See Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 1000 (Del. 2004)

[24] *See id.* at 999; *Pipal Tech Ventures Private Ltd.*, 2015 WL 9257869, at *10 (Del. Ch. Dec. 17, 2015); *1 Oak Private Equity Venture Capital Ltd.*, 2015 WL 7776758, at *8.

[25] *Martinez*, 86 A.3d at 1106.

[26] *Id.* at 1105 (citing *Ison*, 729 A.2d at 843).

[27] *Id.*

**NOW, THEREFORE,** this 5th day of April, 2018, Defendant's Motion to Dismiss for *Forum Non Conveniens* is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**