COMMISSIONERS OF LEWES,

*vs.*

BREAKWATER FISHERIES COMPANY.

*Sussex, May* 29, 1920.

Where, through mistake a provision intended to be inserted in a contract has been omitted, equity will reform the instrument, even when the sole object of the bill is to take a remedy at law on the contract when reformed.

A bill for reformation of an instrument should set out both the circumstances and effect of matters omitted or incorrectly stated, and the words, phrase, sentence, or other part desired changed, and the substitute therefor, so that in case of default the court may draft a decree of suitable relief.

Where the application of statute of frauds is not stated in the demurrer, and it does not affirmatively appear in the bill demurred to that, if applicable, it was not complied with, such defense to the bill will not be considered on demurrer.

*Daniel J. Layton*, for complainant.

*James M. Tunnell*, with him *Frank A. Sweezy*, of New York City, for defendant.

THE CHANCELLOR.   The bill seeks to reform a written lease of land between the parties to the case because by mistake it was not the contract agreed upon by the parties.

In this State the jurisdiction of a court of equity to correct mistakes of fact by reforming the contract, though in writing, has been exercised in several cases.   If through mistake a provision of an agreement intended to be inserted therein has been omitted, equity will reform the instrument, *Marshall v. Rench,* 3 *Del. Ch.* 239, 257; even when this is the sole object of the bill and the purpose of the complainant is to take a remedy at law on the contract when reformed, *Cannon v. Collins,* 3 *Del. Ch.* 132, 152.

But it is good pleading that the bill should not only set out the substance and effect of the matters omitted from, or incorrectly stated in, the agreement, but should also state the words, or phrase, or sentence, or other part of the agreement which he desires to have changed, and the substitute therefor, so that the court from the bill itself can, in case the defendant make default or no defense, draft a decree to give the suitable relief.   This the complainant has not done, and the grounds of demurrer based on this fault are sustained.

It was argued that the statute of frauds applied; but this was not stated as a ground of demurrer, and as it does not affirmatively appear in the bill that the statute, if applicable, was not complied with, it has not been here considered as a defense to the bill.

The defense of laches was not passed on at this time, it being a matter to be considered at the final hearing.

Leave will be given the complainant to amend the bill within a fixed time.