# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GXP CAPITAL, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-07-267 |
| | ) | PRW CCLD |
| ARGONAUT MANUFACTURING | ) | |
| SERVICES, INC.; TELEGRAPH HILL | ) | |
| PARTNERS III, L.P.; TELEGRAPH | ) | |
| HILL PARTNERS III INVESTMENT | ) | |
| MANAGEMENT, LLC, | ) | |
| Defendants. | ) | |

Submitted: February 18, 2020
Decided:  May 4, 2020
Withdrawn and Reissued With Clarifications: July 1, 2020

*Upon Defendants' Motion to Dismiss for* Forum Non Conveniens,
**GRANTED IN PART, STAY ENTERED**.

## MEMORANDUM OPINION AND ORDER

David L. Finger, Esquire (argued), FINGER & SLANINA, LLC, Wilmington, Delaware, Benjamin M. Carson, Esquire (*pro hac vice*), LAW OFFICES OF BENJAMIN M. CARSON, P.C., La Jolla, California, *Attorneys for Plaintiff GXP Capital, LLC*.

John L. Reed, Esquire, Harrison S. Carpenter, Esquire, DLA PIPER LLP (US), Wilmington, Delaware, Brian A. Foster, Esquire (*pro hac vice*) (argued), Noah A. Katsell, Esquire (*pro hac vice*), Julie Gryce, Esquire (*pro hac vice*), DLA PIPER LLP (US), San Diego, California, *Attorneys for Defendants Argonaut Manufacturing Services, Inc., Telegraph Hill Partners III, L.P., Telegraph Hill Partners III Investment Management, LLC*.

**WALLACE, J.**

On May 4, 2020, the Court issued an opinion on the Motion to Dismiss for *forum non conveniens* filed by Argonaut Manufacturing Services, Inc. ("Argonaut"), Telegraph Hill Partners, III, L.P. ("THP III"), and Telegraph Hill Partners III Investment Management ("THP"). That Opinion ordered a stay in the litigation here so as to permit GXP Capital, LLC ("GXP") to pursue the substance of its claims before a more appropriate tribunal. The Court granted a stay rather than the requested dismissal to ensure that some forum remains open to hear GXP's claims should all others decline to reach the merits of the dispute.

GXP filed a timely Motion for Reargument under Superior Court Civil Rule 59(e). Clarification is a form of relief that may be granted under Rule 59(e) where the meaning of what the Court has written is unclear.[1] Having considered GXP's claims on reargument, the Court recognizes the value of greater clarity in the Court's findings and holdings, hereby withdraws its May 4, 2020 Opinion, and issues in substitution this Opinion.

---

[1] *See R. Keating & Sons, Inc. v. Huber*, 2020 WL 975435, at *2 (Del. Super. Ct. Feb. 27, 2020) (citing *State ex rel. French v. Card Compliant, LLC*, 2018 WL 4183714, at *4 (Del. Super. Ct. Apr. 30, 2018)); *New Castle County. v. Pike Creek Recreational Services, LLC*, 2013 WL 6904387, (Del. Ch. Dec. 30, 2013) (citing *Naughty Monkey LLC v. MarineMax Northeast LLC*, 2011 WL 684626, at *1 (Del Ch. Feb. 17, 2011)).

## I. THE PARTIES

GXP is a limited liability company organized and headquartered in Nevada.[2] GXP is the assignee of GXP CDMO, Inc., formerly known as Bioserv Corporation, GXP's parent company.[3]

Argonaut is a Delaware corporation with its headquarters in California, and is the successor entity to Argonaut EMS ("Predecessor"), a California sole proprietorship.[4] THP III is a Delaware-organized limited partnership whose general partner is THP, a Delaware-organized limited liability company.[5] Both THP and THP III are headquartered and operating in California.[6]

## II. INTRODUCTION AND PROCEDURAL HISTORY

This litigation arises out of GXP's accusation that Predecessor, THP, and THP III received confidential business information about Bioserv during acquisition negotiations, and agreed to keep that information confidential through express non-disclosure agreements ("NDAs"), but did not do so.[7] Instead, GXP alleges,

---

[2] Compl. at ¶ 1 (D.I. 1).

[3] *Id.* at ¶¶ 1, 7.

[4] *Id*. at ¶ 2.

[5] *Id.* at ¶ 3.

[6] *Id*.

[7] *Id*. at ¶¶ 6–9, 12, 14.

Argonaut, THP, and THP III, working with others, initiated and successfully executed a hostile acquisition of key Bioserv assets at below-market prices in a bankruptcy proceeding through use and disclosure of the confidential information in contravention of the NDAs.[8] The residual Bioserv then assigned litigation rights to its subsidiary, GXP.[9]

GXP first filed an action seeking relief for the alleged wrongs in federal district court in the District of Nevada. Due to a lack of personal jurisdiction, GXP voluntarily dismissed that action and filed a second case in the Southern District of California. The second action was dismissed for lack of subject matter jurisdiction, because the parties lacked complete diversity.[10]

Following that second dismissal, GXP initiated this action by filing its Complaint here, alleging nine causes of action against Argonaut, THP, and THP III.

Argonaut, THP, and THP III filed the instant Motion to Dismiss, seeking dismissal of seven of the nine counts pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and also seeking

---

[8]   *Id.* at ¶¶ 47, 49, 52, 56.

[9]   *Id.* at ¶¶ 1, 61.

[10]   *GPX Capital, LLC v. Argonaut EMS*, No. 3:17-cv-02283-GPC-BLM (S.D. Cal. Jul. 23, 2018) (Dkt. No. 48) ("[T]he Court *sua sponte* DISMISSES without prejudice the complaint for lack of subject matter jurisdiction."). The California district court case is captioned *GPX* rather than *GXP* in conformity with the corresponding Complaint. The same error occurred in early procedural stages in this case. *See generally* Compl. (D.I. 1).

- 4 -

dismissal of the entire Complaint based on *forum non conveniens*. At argument the parties stipulated to GXP's withdrawal of the counts challenged under Rule 12(b)(6).[11] This leaves only Counts I and III—respectively, breach of contract[12] and misappropriation[13]—subject to the present *forum non conveniens* challenge.

## III. BURDEN AND LEGAL STANDARD FOR FACT-FINDING

The *forum non conveniens* tests applied by Delaware courts vary based on the specifics of both the litigation initiated here and the litigation history of the parties.[14] But no matter which *forum non conveniens* analysis is applicable in a given situation, to gain dismissal it is always the defendant-movant who must show a sufficient burden visited by the plaintiff's choice of Delaware as the forum in which to bring suit. Ordinarily, at the motion to dismiss stage, the Court must accept as true all of a plaintiff's well-pleaded facts and draw all reasonable inferences in her favor.[15] But

---

[11] Arg. Tr., Jan. 28, 2019, at 2–3, 6. (D.I. 21). The stipulation was reduced to writing and approved as the Court's Order. (D.I. 25). That written stipulation and Order also changed the caption, to correct the misspelling of GXP's name made in the Complaint.

[12] For violation of the NDAs. Compl. ¶ 60.

[13] Apparently meaning misappropriation of a trade secret. *Id.* ¶¶ 69, 70; *see also* Cal. Civ. Code § 3426.2 (Containing California's iteration of the Uniform Trade Secrets Act.).

[14] *Aranda v. Philip Morris USA Inc.*, 183 A.3d 1245, 1250-51 (Del. 2018) (Describing Delaware's different *forum non conveniens* analyses.).

[15] *E.g. Olenik v. Lodzinski*, 208 A.3d 704, 714 (Del. 2019) (Applying this standard where dismissal was sought and granted because the contested transaction was subject to business judgment review.); *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011) (Applying this standard reversing dismissal where it was granted based on purportedly duplicative claims.); *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009)

on a motion to dismiss an action for *forum non conveniens*, this Court exercises its sound discretion when making findings of fact and drawing conclusions therefrom based on that supported by the record; the Court must, when doing so, use an orderly and logical deductive process.[16]

## IV.  DISCUSSION – *FORUM NON CONVENIENS*—GENERAL PRINCIPLES

A motion raising *forum non conveniens* is a request that a court possessing both personal and subject matter jurisdiction over an action nevertheless decline to hear it.[17]  Jurisdictional and venue statutes are broadly drawn, because principles of justice require that every right have a court available to vindicate it.[18]  By necessary consequence, many disputes are amenable to suit in several different jurisdictions.[19] The common law doctrine of *forum non conveniens*[20] does not exist to deprive a plaintiff of his choice of forum, but rather as a backstop to prevent resort to

---

(Applying this standard where dismissal was granted under this Court's Civil Rule 12(b)(6) because action was barred by statute of limitations.).

[16]  *Williams Gas Supply Co. v. Apache Corp.*, 594 A.2d 34, 37 (Del. 1991).

[17]  *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. P'ship.*, 669 A.2d 104, 106 (Del. 1995).

[18]  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) (General venue statutes are drawn so that a plaintiff "may be quite sure of some place in which to pursue his remedy."); *see also Dorsey v. State*, 761 A.2d 807, 816 (Del. 2000) ("[E]very right, when withheld, must have a remedy, and every injury its proper redress.").

[19]  *Gilbert*, 330 U.S. at 507.

[20]  *See In re Asbestos Litigation*, 929 A.2d 373, 381 (Del. Super. Ct. 2006) ("[*F*]*orum non conveniens* is a creature of the common law.").

intentionally inconvenient forums for illegitimate purposes.[21] A plaintiff's choice of forum is ordinarily respected,[22] and hardship, not mere inconvenience, must be shown to obtain relief.[23]

## A. *FORUM NON CONVENIENS* **HARDSHIP FACTORS AND THEIR USE.**

Delaware has long analyzed hardship using the "*Cryo–Maid* factors": (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of a view of the premises; (4) whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction; and (5) all other practical problems that would make the trial of the case easy, expeditious and inexpensive.[24] And though it does not strictly bespeak of litigants' hardship, the

---

[21] *Winsor v. United Air Lines, Inc.*, 154 A.2d 561, 563 (Del. Super. Ct. 1958) ("[T]he plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy.").

[22] *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1198 (Del. 1997) ("Delaware courts consistently uphold a plaintiff's choice of forum except in rare cases.").

[23] *Id.* (It is not enough to show there is a "more appropriate forum."); *Warburg, Pincus Ventures, L.P. v. Schrapper*, 774 A.2d 264, 271–72 (Del. 2001) (Denying relief when movant "has not done anything more than claim inconvenience . . . based on little more than generalized references to the garden-variety concerns and expenses that characterize transnational litigation."); *Aveta, Inc. v. Colon*, 942 A.2d 603, 608 (Del. Ch. 2008) ("[D]espite linguistic appearance to the contrary, *forum non conveniens* is not a doctrine of convenience; it is a doctrine of significant, actual hardship.").

[24] *General Foods Corp. v. Cryo–Maid, Inc.*, 198 A.2d 681, 684 (Del. 1964).

pendency or non-pendency of other lawsuits between the parties over the same subject[25] has consistently been added to the enumeration of the *Cryo–Maid* factors.[26]

When the Delaware case is the first action filed, relief via *forum non conveniens* is available only in the face of "overwhelming hardship" from Delaware litigation.[27] This application of the *Cryo–Maid* factors constitutes the "*Cryo–Maid* test."[28] When an older case is pending in another jurisdiction, the hardship factors are measured using the "*McWane* test" instead, in which a trial court is directed to freely exercise its discretion in favor of the relief requested by the defendant in the later-filed Delaware action.[29]

---

[25] *Parvin v. Kaufmann*, 236 A.2d 425, 427 (Del. 1967).

[26] *E.g., Ison v. E.I. DuPont de Nemours and Co., Inc.*, 729 A.2d 832, 837–38 (Del. 1999). *Cryo–Maid* itself credited four of the first-recognized hardship factors to this Court's decision in *Winsor v. United Air Lines*, while adding choice of law as a fifth. *Cryo–Maid*, 198 A.2d at 684. The last of the *Cryo–Maid* factors was a residual catchall. Once *Parvin v. Kaufman* added consideration of the pendency of other related actions, courts thereafter usually (but not always) numbered that factor fifth and moved the residual factor to sixth. *E.g., Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 994–95 (Del. 2004); *but see AR Capital, LLC v. XL Specialty Ins. Co.*, 2019 WL 1932061, at *7 (Del. Super. Ct. Apr. 25, 2019) (Numbering pendency of a similar action as the last factor and the residual factor as fifth.).

[27] *Candlewood Timber Group,* 859 A.2d at 998.

[28] *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1108 n.31 (Del. 2014) (quoting *IM2 Merchandising & Mfg., Inc. v. Tirex Corp.*, 2000 WL 1664168, at *10 (Del.Ch. Nov. 2, 2000)).

[29] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, 263 A.2d 281, 283 (Del. 1970). Notably, the *McWane* Court emphasized that this presumption in favor of relief served the same purpose of *protecting* a plaintiff's choice of forum, because under the presumption, a civil defendant would "not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing." *Id.*

The *Cryo–Maid* and *McWane* tests cover the two poles of *forum non conveniens* cases, but left between them is an intermediate situation—where an earlier foreign lawsuit on the same matter was filed but already dismissed. Our Supreme Court recently explained that when a prior-filed case is no longer pending, relief will be granted or denied based on whichever party bears the greater weight of *Cryo–Maid* factors.[30]

This intermediate case in turn resembles the framework the Court uses for requests for a stay in simultaneously-filed cases. When two cases are filed at approximately the same time, Delaware courts will weigh an application for a stay "under the traditional *forum non conveniens* framework" without "preference for one action over the other" to avoid rewarding the victor in a "race to the courthouse."[31] In such cases, the reviewing court neutrally compares hardships

---

[30] *Gramercy Emerging Markets Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1044 (Del. 2017). This assumes that the resolution of the prior-filed litigation did not reach the merits of the dispute. Because of concerns related to Full Faith and Credit, *res judicata*, and claim preclusion, if the older suit was resolved on the merits, *McWane*'s presumption in favor of dismissal still applies. *Lisa, S.A. v. Mayorga*, 993 A.2d 1042, 1047 (Del. 2010).

[31] *In re Citigroup Inc. Shareholder Derivative Litigation*, 964 A.2d 106, 116 (Del. Ch. 2009). In deciding whether to grant dismissal under a *forum non conveniens* motion, the defendant-movant in a simultaneously-filed suit must show overwhelming hardship in accordance with the *McWane* test. *BP Oil Supply Co. v. ConocoPhillips Co.*, 2010 WL 702382, *2 (Del. Super. Ct. Feb. 25, 2010).

imposed on each party by the adverse party's chosen forum, and stays the Delaware action if the foreign proceeding is less burdensome overall.[32]

So the five original *Cryo–Maid* factors are examined for all *forum non conviens* claims. And the later-added sixth pendency-of-other-cases factor fixes the background presumptions and thresholds against which those five factors are analyzed. As explained by our high court:

> When a case is first-filed, Delaware courts award dismissal only when the defendant has established overwhelming hardship, thus tilting the analysis in the plaintiff's favor. When a case is later-filed, and its predecessors remain pending, *McWane*'s "strong preference for the litigation of a dispute in the forum in which the first action relating to such dispute is filed" applies and the analysis is tilted in favor of the defendant. But when a case is later-filed and its predecessors are no longer pending, the analysis is not tilted in favor of the plaintiff or the defendant.[33]

Just as the first two situations are referred to as the *Cryo–Maid* and *McWane* tests, *Gramercy* is now the defining precedent for the intermediate case.[34] And the analysis engaged in for that intermediate case is "a straightforward assessment of

---

[32] *National Union Fire Ins. Co. of Pittsburgh, PA v. Axiall Corp.*, 2019 WL 4303388, at *4 (Del. Super. Ct. Sept. 11, 2019). The Delaware Supreme Court denied interlocutory review of the *Axiall* ruling, without reaching the merits. *National Union Fire Ins. Co. of Pittsburgh, PA v. Axiall Corp.*, 2019 WL 4795508, at *1-2 (Del. Oct. 1, 2019).

[33] *Gramercy*, 173 A.3d at 1044.

[34] *Aranda*, 183 A.3d at 1250–51.

the *Cryo–Maid* factors, where dismissal is appropriate if those factors weigh in favor of that outcome."[35]

As noted earlier, GXP has previously filed actions seeking relief against these same parties over these same grievances in federal district courts. It did so first in Nevada, then in California. The first of those federal cases was dismissed before the next was filed. Those dismissals were: voluntary due to lack of personal jurisdiction (Nevada); and involuntary for lack of subject matter jurisdiction (California). Such dismissals are without prejudice and not on the merits.[36]

So the present action is not a first-filed case imposing the *Cryo–Maid* "overwhelming burden" requirement on the movant. And there are no prior-filed actions pending that subject this one to the *McWane* presumption of dismissal. No, this suit is that rare intermediate case subject to *Gramercy*, with the motion to be granted or denied depending on which side is favored by the greater weight of the *Cryo–Maid* factors.[37]

---

[35] *Gramercy*, 173 A.3d at 1036.

[36] *See* Federal Rule of Civil Procedure 41(a)(1)(B)("Unless the notice or stipulation states otherwise, [voluntary] dismissal is without prejudice . . . [unless] the plaintiff previously dismissed any federal- or state-court action based on or including the same claim."); *see also* Fed. R. Civ. P. 41(b) (Noting that lack of jurisdiction is one of three forms of dismissal not operating as an adjudication on the merits without an express statement to the contrary by the court.).

[37] *See Gramercy,* 173 A.3d at 1040 (Describing as "rare" the situation where a later-filed Delaware case is the only active case with the other earlier case(s) having been disposed of without reaching the merits.).

Delaware Courts are seldom called upon to decide this intermediate case. The parties and the Court have identified only one instance applying the intermediate *Gramercy* standard—*Schmidt v. Washington Newspaper Publishing Company*.[38] The *Schmidt* case involved a California plaintiff suing a Delaware-incorporated publishing company operating a Washington, D.C. newspaper for defamation.[39] The *Schmidt* defendant removed the plaintiff's original suit from Florida state courts to the Southern District of Florida, where it was dismissed for lack of personal jurisdiction.[40] As the third forum considering the case, the *Schmidt* court granted dismissal for *forum non conveniens* because: most witnesses and evidence were in California and none were in Delaware;[41] California law applied;[42] and California was an available forum.[43]

---

[38]  2019 WL 4785560 (Del. Super. Sept. 30, 2019), *amended on reconsideration by*, 2019 WL 7000039 (Del. Super. Ct. Dec. 20, 2019).

[39]  *Id* at *3 (though the plaintiff moved to Texas after his family supposedly had to flee their California home due to death threats following the complained-of defamatory article).

[40]  *Id*. at *1.

[41]  *Id*. at *8.

[42]  *Id*. at *4, *8–9.

[43]  *Id*. at *9. Following a Motion for Reconsideration, the *Schmidt* Court additionally determined the action was time-barred under California law, and so amended its decision to a dismissal with prejudice. 2019 WL 7000039, *4.

**B. USE OF THE HARDSHIP FACTORS HERE.**

Because the burden to overcome a plaintiff's choice of forum still rests with the movant-defendant under *Gramercy,* the guide for application of the salient factors remains: this Court "must consider the weight of those factors in th[is] particular case and determine whether any or all of them truly cause both inconvenience and hardship."[44]    So the Court now turns to the hardships facing these litigants if the Court does or does not grant relief on the Motion.

Related to the first two hardship factors, GXP concedes that the parties all have their headquarters and operations in California or Nevada,[45] and does not dispute that the sole connection Argonaut, THP, and THP III have to Delaware is that this is their place of formation.[46] Argonaut, THP, and THP III identify a number of third-party witnesses, a plurality of whom are from California, none of whom are from Delaware, and only one of whom is even close-by.[47]

GXP does not deny that this deficiency means that the parties will be unable to compel the attendance of apparently *any* of the third-party witnesses, but

---

[44] *Martinez*, 86 A.3d at 1104 (quoting *Chrysler First Bus. Credit Corp.*, 669 A.2d at 105).

[45] Compl., at ¶¶ 1–3.

[46] Pltf. Br., at 19–20.

[47] Aff. of Brian Foster, at ¶ 11.

instead—relying on *Kolber v. Holyoke Shares, Inc.*[48]—argues that depositions are an adequate substitute. But a close reading of *Kolber* is not quite as helpful under *Gramercy* as GXP would hope. In *Kolber*, the Court found that, while not "overwhelmingly" heavy, forcing a defendant to rely on depositions in lieu of live testimony and to travel from New York to Wilmington to face litigation were at least factors weighing in favor of relief.[49]

The third hardship factor, pertaining to inspection of the premises, presents no hardship to litigating in Delaware. Neither side suggests that any site inspections will be necessary for this litigation. The absence of hardship based on the situs of the acts spawning the litigation renders the premises-location factor "inconsequential."[50]

---

[48] 213 A.2d 444, 446 (Del. 1965); *see also* Delaware Rules of Evidence 804(a)(5) and (b)(1).

[49] *Id.* GXP further argues that for this issue to weigh in a movant's favor, that movant must identify the witnesses not subject to compulsion, the nature of their testimony, and the specific reason that a deposition would be insufficient, relying on *Mar-Land Indus. Contractors, Inc. v. Caribbean Petroleum Refining, L.P.*, 777 A.2d 774, 781 (Del. 2001) and *States Marine Lines v. Domingo*, 269 A.2d 223, 226 (Del. 1970). In both those cases the Court refused to find *overwhelming* hardship on that factor when the movants failed to identify the names of the witnesses beyond the reach of compulsory process, demonstrate their number, show their relationship to the case, or explain why their testimony could not be presented by deposition. *Id.* Here, a multiplicity of witnesses are identified by name, and their relevance to the alleged wrongful conduct is clear and direct. Many of the witnesses are named by GXP as "co-conspirators" in the alleged wrongs, and hence their credibility will be a key issue. Reliance on depositions alone presents obvious and consequential hardship under the specifics of this case.

[50] *See GTE Mobilnet Inc. v. Nehalem Cellular, Inc.*, 1994 WL 116194, at *5 (Del. Ch. Mar. 17, 1994).

On the fourth factor, pertaining to choice of law, the parties do not dispute that the substantive law involved in this case is that of California. While not preferable, Delaware courts are accustomed to applying the laws of sister states.[51] This factor adds little—but some—weight toward *forum non conveniens* relief.[52]

As to the pendency or nonpendency of other cases, no such other cases are pending. The dismissal of this case from the federal district courts of Nevada and California accounts for the application of the intermediate *Gramercy* threshold, and no party points to any other case looming. Under such circumstances, the background presumptions fully capture any hardship that the prior cases impose, and this factor can rightly be considered neutral within a *Gramercy* analysis.[53]

When the Court considers the residual factor here, the availability of an alternative forum in the California state courts highlights the needless practical

---

[51] *Taylor*, 689 A.2d at 1200. By contrast, when the foreign law Delaware must apply is that of a foreign *country*, especially a non-Anglophone one, the burden is greater. *Martinez*, 86 A.3d at 1106–07. And when necessary use of a foreign language poses greater practical difficulties, such as the use of an entirely different alphabet, these concerns become even more pronounced. *Gramercy*, 173 A.3d at 1042.

[52] *See Martinez,* 86 A.3d at 1106–07 ("[T]his Court has recognized that novel or important issues of Delaware law are best determined by Delaware courts."); *Sequa Corp. v. Aetna Cas. and Sur. Co.,* 1990 WL 123006, at *4 (Del. Super. Ct. July 13, 1990) ("The need to apply another state's law will not be a substantial deterrent to conducting litigation in this state."); *Monsanto Co. v. Aetna Cas. and Sur. Co.,* 559 A.2d 1301, 1305–06 (Del. Super. Ct. 1987) (The fact that Court would need to adjudicate some or all issues using another state's laws "alone would not weigh overwhelmingly in favor of" defendant's dismissal request.).

[53] *See Schmidt*, 2019 WL 4785560, at *9.

difficulties that a Delaware forum presents.[54] And though not controlling, prior Delaware cases have observed the availability of an alternate forum to be an apposite factor.[55] Argonaut, THP III, and THP are all headquartered in California and have conceded jurisdiction there.[56] GXP previously sought to litigate this case in California when it filed the second case in a federal district court there, indicating the strong amenability of all parties to suit in California. But for lack of complete diversity of citizenship,[57] this case would currently be well underway in federal court in California by GXP's own earlier election.[58] When that court closed its doors, GXP could have filed down the street in a California state court. Instead, it dragged the Defendants across the country and into this Court.

Delaware has an interest in regulating the conduct of entities formed under its laws, and this public interest can weigh against granting *forum non conveniens*

---

[54] *See Hupan v. Alliance One Int'l. Inc.*, 2016 WL 4502304, at *8 (Del. Super. Ct. Aug. 25, 2016) (The availability of an alternative forum is a practical consideration under the residual factor.), *aff'd*, *Aranda*, 183 A.3d 1245.

[55] *Aranda*, 183 A.3d at 1254. *See also Ison*, 729 A.2d at 845 (Discussing availability of alternative fora under the residual factor.).

[56] Defs. Br., at 2–3.

[57] *See Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ("Since its enactment, we have interpreted the diversity statute to require complete diversity of citizenship.") (quoting *Strawbridge v. Curtiss*, 3 Cranch 267 (1806)).

[58] Diversity of citizenship is not a requirement for California state courts, of course, which are courts of general jurisdiction. *Quigley v. Garden Valley Fire Protection Dist.*, 444 P.3d 688 (Cal. 2019) (citing Cal. Const., art. VI §§ 1, 10).

relief.[59]  But Delaware's public interest in providing a forum on the basis of incorporation is strongest in cases where issues of substantive corporate governance and structure are implicated.[60]  And this general—but important—interest in providing a forum for resolving disputes involving its corporate citizens can be outweighed by the hardship occasioned from the other factors visited on those who appear to have been brought here for vexatious, harassing, or oppressive purposes.

Lastly, GXP argues that one of the non-disclosure agreements at issue contains a clause waiving any potential *forum non conveniens* motion in this case. In that contract, Predecessor—but not THP or THP III—stipulated that the agreement "shall be governed by the laws of [California[61]]" and that the parties "agree to submit disputes arising out of or in connection with this Agreement to the non-exclusive [jurisdiction] of the courts in [California]."[62]  By stipulating to non-

---

[59]  *See Sands v. Union Pacific Railroad Co.*, 2017 WL 5664748, at *3 (Del. Super. Ct. Nov. 20, 2017).

[60]  *Armstrong v. Pomerance*, 423 A.2d 174, 179 n.8 (Del. 1980); *see also Hall v. Maritek Corp.*, 170 A.3d 149, 160 (Del Super. Ct. 2017) ("Delaware incorporation does not preclude dismissal on *forum non conveniens* grounds, particularly in circumstances where a corporation's only Delaware presence is its registered agent or when a state of incorporation has no rational connection to the cause of action.") (internal quotations omitted).

[61]  The writing specifies the jurisdiction as being that of GXP's headquarters location, and GXP's signatory identifies himself as the CEO and gives an address in California.  Compl. ex. C at 3 (D.I. 1).  By contrast, when the Complaint was filed GXP identified itself as being Nevada-headquartered.  Compl. ¶ 1. GXP agrees that the unstated jurisdiction is California.  Arg. Tr., Jan. 31, 2020, at 18 (D.I. 32).

[62]  Compl., Ex. C at 3.  The sentence literally reads "to the non-exclusive of the courts," but the parties agreed that the word "jurisdiction" was erroneously omitted between *exclusive* and *of*.  Arg.

exclusive jurisdiction, GXP argues that the clause placed Argonaut, and by extension the other parties, on notice that suit may occur anywhere.[63] But the Court doesn't read that provision quite so broadly.

Delaware enforces forum selection clauses absent a showing that they are unreasonable or unjust, even if only some of the operable instruments contain such a clause.[64] Because it specifies non-exclusive jurisdiction, the clause in this case does stipulate as to personal jurisdiction and substantive law, without commanding one forum or another. Nothing about that silence constitutes a waiver of *forum non conveniens* objections in the appropriate case even for the signatories, let alone as applied to non-signatories THP and THP III. Far from stipulating amenability to suit in Delaware, the instrument further emphasizes the appropriateness and availability (and likely expectation) of California state courts to do prompt, complete, and impartial justice on GXP's claims.

---

Tr., Jan. 31, 2020, at 18. The decision to fix a typographical error in a contract "is tantamount to reforming a contract when it has material consequences." *Nationwide Emerging Managers, LLC. v. Northpointe Holdings, LLC*, 112 A.3d 878, 890 (Del. 2015). Reformation of a contract is an equitable power. *See Glidepath Ltd. v. Beumer Corp.*, 2018 WL 2670724, at *9 (Del. Ch. Jun. 4, 2018) ("Reformation is an equitable remedy which emanates from the maxim that equity treats that as done which ought to have been done.") (citing *In re TIBCO Software Inc. S'holders Litig.*, 2015 WL 6155894, *13 (Del. Ch. Oct. 20, 2015)). Because the parties continue to agree that the word "jurisdiction" was erroneously omitted and neither objects to its inclusion, that agreement effectively amends the contract and permits this Court to enforce the real agreement at law without the need for a court in equity to first reform it.

[63] Arg. Tr., Jan. 31, 2020, at 14–15.

[64] *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1146–47 (Del. 2010)

## C.    THE PROPER REMEDY UNDER *GRAMERCY*.

Of note, the Court's *Gramercy* analysis here does rely heavily on the representation that California state courts are open to GXP.[65]  If some procedural obstacle prevents California courts from ruling on the merits of this dispute, Delaware would be the only forum with both subject matter[66] and personal[67] jurisdiction to do so.  While not itself dispositive, the complete lack of possible fora would present an exceptional hardship on GXP[68] that would accordingly add weight to the residual factor and against *forum non conveniens* relief for Argonaut, THP, and THP III.[69]

---

[65]    *See* Defs. Op. Br., at 17 ("California Is An Adequate And Available Forum.") (D.I. 8).

[66]    Since federal courts have already disclaimed subject matter jurisdiction.  *GPX Capital, LLC v. Argonaut EMS*, No. 3:17-cv-02283-GPC-BLM (S.D. Cal. Jul. 23, 2018) (Dkt. No. 48).

[67]    *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.") (citing Brilmayer et al., *A General Look at General Jurisdiction*, 66 Tex. L. Rev. 721, 735 (1988)).

[68]    *See Ison*, 729 A.2d at 846 (Del. 1999) (Availability of an alternative forum "relates to the convenience of the plaintiffs, not to the inconvenience of the defendant" but is still a serious consideration.); *Maritek*, 170 A.3d at 167 (While an adequate alternative forum is not a "prerequisite," relief is appropriate only to avoid "*undue* hardship and inconvenience," for which the availability of a more appropriate tribunal is an important consideration.) (emphasis added).

[69]    As the Court made clear to the parties here, it will not deafen itself to a Mayoian cry by a plaintiff that it no longer has a forum open to hear its complaint. *An Officer and a Gentleman* (1982) (Upon being told by his drill instructor, Gunnery Sergeant Emil Foley, that he is being kicked out of Officer Candidate School, Officer Candidate Zack Mayo sputters: "Don't you do it! Don't! You . . . I GOT NOWHERE ELSE TO GO! I got nowhere else to g . . .  I got nothin' else.")

At argument, Argonaut, THP, and THP III disavowed any statute of limitations or other non-merit based defense as to the remaining counts.[70] Cognizant of the Court's concerns, they expressed a willingness to submit to any stipulation or conditions sufficient to satisfy GXP and the Court that the case would reach a ruling on the merits in California state court.[71] Conversely, GXP gave no explanation for why, having been ousted from the Southern District of California, they traveled to Delaware's state courts in lieu of California's.[72] GXP invoked only the Delaware state courts' reputation for prompt justice[73]—which, of course, begs the question: Why didn't they file here in the first place? And the fact that they previously chose California, of course, undermines any argument by GXP that litigating there presents a hardship to them.

Because the balance of hardships weighs in favor of Argonaut, THP, and THP III, the Court will grant relief. Because that balance is contingent on the availability of California state courts to hear the matter on its merits,[74] the appropriate *form* of

---

[70] Arg. Tr., Jan. 31, 2020, at 8.

[71] *Id*. at 8, 19.

[72] *Id*. at 13–14.

[73] *Id*.

[74] *See Ingres Corp.*, 8 A.3d at 1145 (Litigation in a foreign court weighs in favor of relief when that "court is capable of doing prompt and complete justice.") (citing *McWane*, 263 A.2d at 283).

relief is a stay in contemplation of litigation elsewhere.[75]  A stay in lieu of dismissal preserves the possibility of adjudication in Delaware should all other fora decline to reach the merits of this dispute.

### V. GXP's RULE 59(e) MOTION

GXP objects to the Court's May 4, 2020 Opinion, arguing that by requiring it to bring suit in California state courts the Court allows a permissive choice of forum clause to operate as a mandatory one.  Moreover, by crafting relief in the form of a stay, GXP argues that the Court has effectively denied GXP access to appellate review.

To clarify, GXP is in no way limited to filing suit exclusively in the state courts of California during the stay.  Should GXP identify another more appropriate tribunal, it is free to pursue adjudication there during the stay.  So long as GXP demonstrates that it is actively attempting to obtain a judgment on the merits, this Court will refuse to dismiss the Complaint in order to retain the possibility of a litigation here should GXP exhaust all other potential fora.

The Court certainly is *not* misreading the permissive forum selection clause as a mandatory one.  To the contrary, had this Court been GXP's first choice,

---

[75]   Though the Motion contained only a request for dismissal and not any lesser relief, granting a stay is always within the inherent power of the Court. *Insurance Co. of North America v. Steigler*, 300 A.2d 16, 18 (Del. Super. Ct. 1972) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

Argonaut, THP, and THP III would not have obtained *forum non conveniens* relief absent a showing of overwhelming hardship. Because Delaware is not GXP's first choice but instead its third, the required *forum non conveniens* analysis follows the less restrictive *Gramercy* standard. Because both personal and subject matter jurisdiction are indisputably found in the state courts of California, the availability of those courts is a weighty consideration under the *Cryo–Maid* factors, but even so not a controlling one.

With respect to GXP's concerns about its appeal rights, it is no worse situated than any other litigant facing a stay under *McWane*.[76] While the harsher relief of dismissal might confer a right of direct appeal, appellate review may still be sought via Supreme Court Rule 42. Obtaining such requires a litigant to first request this Court's certification of the matter for review,[77] which GXP has not done. And no matter this Court's ruling on such a request, GXP may still seek review in the Supreme Court—it just has a steeper climb to get there.[78]

---

[76] *E.g. Brookstone Partners Acquisition XVI, LLC v. Tanus*, 2012 WL 5868902, \*7 (Del. Ch. Nov. 20, 2012) (staying rather than dismissing a Delaware action in favor of a prior-filed action in another state, to retain the ability to rule on the merits should the out-of-state litigation not reach a final judgment on the merits); *Dura Pharmaceuticals, Inc. v. Scandipharm, Inc.*, 713 A.2d 925 (Del. Ch. 1998) (same).

[77] *See* Supreme Court Rule 42(c) ("An application for certification of an interlocutory appeal shall be made in the first instance to the trial court in accordance with the following procedures: . . .").

[78] *See* Supreme Court Rule 42(d)(v) (describing a trial court's response to an application for certification for interlocutory review as only a 'relevant factor' in the Supreme Court's decision whether to take an interlocutory appeal). As the Delaware Supreme Court has made clear in the

## VI. CONCLUSION

No doubt, in Delaware there is clear preference in favor of a plaintiff's choice of forum.[79] And, no doubt, Delaware's courts are reluctant "to lightly disturb a plaintiff's *first* choice of fora."[80] Courts in Delaware consider *forum non conveniens* motions under six factors of which one, the pendency or nonpendency of other suits on the same matter, is primarily used to determine the burden or presumption against which the others are measured. Where, as here, a plaintiff like GXP has not chosen Delaware first (or even second) and its first two actions elsewhere were dismissed on jurisdictional grounds without reaching their merits, this Court determines whether Delaware is an appropriate forum via "a reasoned assessment" of those substantive (*i.e.* the *Cryo–Maid*) factors.

Here the Court's reasoned assessment of those hardship factors weighs in favor of relief. However, that weighing is contingent on at least one more appropriate forum, California state courts, available to hear and decide this case on the merits. California litigation would avoid the principal hardships presented in

---

specific context of an interlocutory appeal from a stay granted in response to a *forum non conveniens* motion, the trial court's certification decision is a factor given "great weight." *Axiall*, 2019 WL 4795508, at *2.

[79] *Mar–Land*, 777 A.2d at 778 ("A plaintiff seeking to litigate in Delaware is afforded the presumption that its choice of forum is proper and a defendant who attempts to obtain dismissal based on grounds of *forum non conveniens* bears a heavy burden.").

[80] *Gramercy*, 173 A.3d at 1037 (emphasis added).

Delaware, that of long travel for fact witnesses and parties, the lack of compulsory process for witnesses, and the needless application of California law by a Delaware instead of a California state court. The availability of California prevents the hardship on GXP of being barred entirely of a forum for prompt and complete justice.

To ensure that this availability is not illusory, the Court will stay this litigation to permit GXP to file suit in California state court or some other more appropriate tribunal. Should GXP initiate such a suit, the Court will renew the stay for the duration of the litigation to ensure it reaches a final ruling on the merits before dismissing the instant case. Should GXP fail to initiate such a suit, the Court will consider the underlying claim abandoned and dismiss the suit entirely.

For those reasons, the Motion shall be **GRANTED IN PART**, and this action is **STAYED** for ninety (90) days from the date of this Order.

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*

_____
Paul R. Wallace, Judge

Original to Prothonotary

cc: All Counsel via File and Serve