**William I. WEISBERG, Plaintiff,**

v.

**Robert B. HENSLEY and Hamilton International Corporation, Defendants.**

Court of Chancery of Delaware, New Castle.

May 19, 1971.

Joseph A. Rosenthal, of Cohen, Morris & Rosenthal, Wilmington, and Mordecai Rosenfeld, New York City, for plaintiff.

Louis J. Finger, of Richards, Layton & Finger, Wilmington, and Greenebaum, Grissom, Doll, Matthews & Boone, Louisville, Ky., for Robert B. Hensley.

James M. Tunnell, Jr., and Richard S. Paul of Morris, Nichols, Arsht & Tunnell, Wilmington, and Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., for Hamilton International Corp.

MARVEL, Vice Chancellor:

This representative action is brought by a former stockholder of Life Insurance Company of Kentucky, a corporation of the State of Kentucky, on behalf of himself and all other stockholders of such corporation following the latter's merger into the defendant Hamilton International Corporation, a Delaware corporation. Also named as a defendant is Robert B. Hensley, a nonresident of Delaware, whose appearance herein has been compelled through seizure of stock held by him in the Delaware corporate defendant as well as in another Delaware corporation, Life of Kentucky Financial Corporation, the latter not being a party to this litigation but a corporate entity involved in the complicated intercorporate acts which culminated in the merger here involved.

What plaintiff allegedly complains of is not the terms of the merger, which ultimately resulted in the merging of Life Insurance Company of Kentucky into the Delaware corporate defendant, but rather the allegedly preferential treatment accorded the defendant Robert B. Hensley, chairman of the board as well as president and a large stockholder of Life Insurance Company of Kentucky, by the defendant Hamilton International Corporation, to secure his support of the now accomplished merger upon which defendants rely to bar plaintiff's claim. In other words, it is claimed by plaintiff that in return for Mr. Hensley's support of the now consummated merger here involved, the latter received in exchange for his 347,382 shares of Kentucky stock, which constituted a large percentage of the 1,744,706 outstanding shares of such corporation, a larger amount per share than did any of the other shareholders of such corporation.

It is specifically charged that as an inducement for Mr. Hensley to recommend board and shareholder approval of the merger plans here involved, he was granted a special premium or bonus for his surrender of shares of Life Insurance Company of Kentucky, the gravamen of the complaint being that such improper premium or bonus consisted of the grant to him of a right to sell 154,000 shares of his stock in Life Insurance Company of Kentucky or in the corporation resulting from the former's merger into Hamilton International Corporation, the resulting corporation, at $15 per share, or two dollars above the market, which right was to be exercisable at any

time during the period from September 22, 1969 through January 22, 1971. As a corollary to the above allegedly improper special treatment accorded Mr. Hensley, it is claimed that a concomitant right was granted to International, over the period until September 22, 1972, to have the first right of refusal to purchase shares of stock of the Kentucky corporation, or that of the resulting corporation, the latter being granted the right to require Mr. Hensley to sell any such shares for $35 per share, such latter arrangement allegedly being worth approximately another $2.00 per share to the individual defendant. Thus, the special treatment, which it is claimed was accorded Mr. Hensley, allegedly adds up to a premium of $4.00 per share for his 154,000 shares of the Kentucky corporation, or a total claimed preference of some $600,000. At the time of the arrangements complained of, stock of the Kentucky corporation was being traded in the over-the-counter market for approximately $13 per share. These special arrangements were reported to the stockholders of the Kentucky corporation in a proxy statement of October 30, 1969. However, it must be noted that at a hearing before the Kentucky Insurance Commissioner held on November 26, 1969, counsel for Life Insurance Company of Kentucky stated that the alleged special treatment accorded Mr. Hensley was completely independent of the merger in question (transcript of November 26, 1969 Kentucky Insurance Department hearing, p. 17, attached to Hensley affidavit).

Plaintiff prays that the sum total of said alleged preferential treatment, amounting to some $600,000, be ordered paid over pro rata to former shareholders of the Kentucky corporation other than Mr. Hensley, such relief to be paid jointly and severally to such stockholders by the resulting corporate defendant and the defendant Hensley.

Both defendants have moved for dismissal of the complaint on two grounds, first that the complaint fails to state a claim upon which relief can be granted in that exclusive jurisdiction to determine plaintiff's cause of action, which defendants contend is based on the merger rights of a former shareholder of the Kentucky corporation, must be pursued under the appropriate laws of the State of Kentucky [1], and not in the courts of Delaware, and secondly, assuming that jurisdiction over the matters complained of exists in this Court, that the doctrine of forum non conveniens requires that plaintiff's claim be pursued in Kentucky rather than in Delaware in that the matters complained of, as noted above, are controlled by the laws of Kentucky rather than those of Delaware, and that, in any event, persons with knowledge of the matters complained, as defendants view them, reside in either Kentucky or Michigan. It is therefore argued that it would be inappropriate to require such persons to come to Delaware to testify.

I conclude, however, that notwithstanding defendants' contentions to the contrary, the complaint herein does not directly attack the merger above alluded to on the ground of unfairness but rather charges that Mr. Hensley as a large stockholder of the Kentucky corporation, as a result of accepting a special premium or bonus not offered to any other stockholder of such corporation, has, in effect, required plaintiff and others of his class to contribute to such unwarranted preference, the implication being that Mr. Hensley should have declined such special treatment and properly exercised his fiduciary duty to his fellow stockholders without the need of blandishments not accorded to other stockholders of Life Insurance Company of Kentucky. In other words, what plaintiff purportedly seeks is not rescission or reformation of the terms of the merger here involved but rather a pro rata sharing on the part of former stockholders of Life Insurance Company of Kentucky, other than Mr. Hensley, in the

---

1. Kentucky Revised Statutes, § 271.415 et seq.

special bonus paid to such individual defendant.

According to defendants, the Kentucky statute governing the rights of an objecting stockholder in the event of a sale, lease or exchange of all of his corporation's assets controls plaintiff's claim here. And were plaintiff in fact seeking to attack the merger here involved, by either attempting to recover the fair market value of his shares in an appraisal proceeding or by having a consummated merger set aside, he would probably be in the wrong court. However, I am satisfied, despite some ambiguous language in the complaint, that what plaintiff actually seeks is neither the fair market value of his stock in the Kentucky corporation nor rescission of an accomplished merger on the ground of fraud or for failure to comply with statutory requirements. In fact, it is established on the record that following the merger here involved plaintiff in fact exchanged his remaining shares of Kentucky for shares of International.

In other words, plaintiff's complaint simply claims that the defendant Hensley, in his status as a large stockholder and officer of Life Insurance Company of Kentucky, accepted a form of special treatment for support of a transaction which he should have supported without preferential treatment. Thus, it is argued in the words of the complaint that " * * * Hensley breached his duty * * * not to seek or accept payment for the exercise or non-exercise of his duties * * *".

Plaintiff's claim being thus based on a charge of an alleged breach of fiduciary duty on the part of the defendant Hensley, which breach was allegedly abetted and condoned by the resulting corporation, the provisions of the merger statute of the State of Kentucky are not relevant to the specific matter in issue. Accordingly, the so-called internal affairs rule of Bruch v. National Guarantee Credit Corporation, 13 Del.Ch. 180, 116 A. 738, can have no possible application here, and it is likewise unnecessary to consider whether or not the resulting Delaware corporate defendant could possibly be served in Kentucky.

Defendants' motion to dismiss the complaint on the ground that plaintiff's cause of action is governed by the Kentucky merger statute and should be decided by the courts of that state will be denied.

■ Defendants go on to argue that this Court should, in any event, decline to take jurisdiction of plaintiff's claim because of the doctrine of forum non conveniens, and have submitted affidavits which enumerate a number of traditional factors, here claimed to exist, in support of their contention that this case should be tried in Kentucky as a matter of convenience, it being noted that a number of persons with knowledge of the matters complained of are residents of Kentucky or Michigan and argued that the law of Kentucky governs plaintiff's claim.

The doctrine of forum non conveniens provides that the dismissal of an action " * * * may occur only in the rare case in which the combination and weight of the factors to be considered balance overwhelmingly in favor of the defendant." Kolber v. Holyoke Shares, Inc. (Del.Supr. Ct.), 213 A.2d 444. See also General Foods Corp. v. Cryo-Maid, Inc., 41 Del.Ch. 474, 198 A.2d 681, and Parvin v. Kaufmann (Del.Supr.Ct.), 236 A.2d 425. In the General Foods case the Court set forth those factors which must be considered in reaching a decision as to the proper trial forum, such factors being basically concerned with the relative expense and means of access to evidence in one forum or another. The Parvin case adds another factor, namely whether or not a similar action is pending in another jurisdiction. Here, there is no similar or related litigation pending in Kentucky or elsewhere. Next, the moving party carries a heavy burden on such a motion, States Marine Lines v. Domingo (Del. Supr.), 269 A.2d 223. Finally, the fact had the law of Kentucky may be unsettled and may be applicable here should not deter this Court from proceeding to decide the

case on the merits. It is not unusual for the courts of Delaware to deal with open questions concerning the law of a sister state, Kolber v. Holyoke Shares, Inc., supra.

I conclude that the present case should proceed in this Court, the point being that the matter to be decided is not concerned with any specific foreign law but one involving claimed standards of fiduciary duty owed by a corporate officer and principal stockholder to his corporation. In other words, as I see it, the standards to be applied in this case do not basically differ from those applicable in the many derivative class suits instituted in this Court by stockholders charging non-resident corporate officers and directors with breaches of fiduciary duty. Such defendants, upon appearance, are generally required to defend their conduct in this Court. Thus, applications to stay derivative actions are not favorably received on the ground of forum non conveniens, particularly where, as here, a prior companion suit is not pending in the domiciliary courts of those charged with breaches of fiduciary duty to their corporation.

The choice of forum by a plaintiff, should, as noted above, be accorded great weight, and as of this juncture the countervailing factors relied on by defendants to persuade this Court to stay this action are not, in my opinion, sufficient to justify the granting of the relief which defendants seek. Furthermore, and in any event, it is not entirely clear that the present corporate defendant is susceptible to service of process in Kentucky.

Finally, defendants rely on what appears to have been the formalistic finding of the Insurance Commissioner of Kentucky in his order approving the proposed plan of reorganization here involved which recited that:

"7. No director, officer, member, employee or subscriber of any company involved in this merger will receive any fee, commission, other compensation or valuable consideration whatsoever for in any manner, aiding, promoting, or assisting in the merger."

I am of the opinion that this so-called finding by an administrative agency of the State of Kentucky is not binding on this Court in a suit based on a claim of alleged breach of fiduciary duty and that plaintiff should be furnished an opportunity to seek to demonstrate in this Court that such finding is not supported by the relevant facts or pertinent law.

On notice, an order may be submitted denying defendants' pending motions.